PUBLISH

UNITED STATES COURT OF APPEALS

**Filed 11/18/96**TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

ELGRET LORENZO BURDEX,

    Defendant-Appellant.

No. 95-6269

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA
(D.C. No. CR-91-30-T)

---

Edward J. Kumiega, Assistant United States Attorney (Patrick M. Ryan, United States Attorney, with him on the brief), Oklahoma City, Oklahoma, for Plaintiff-Appellee.

Paul Antonio Lacy, Assistant Federal Public Defender, Oklahoma City, Oklahoma, for Defendant-Appellant.

---

Before EBEL, HOLLOWAY, and HENRY, Circuit Judges.

---

HENRY, Circuit Judge.

---

    Elgret Lorenzo Burdex appeals the statutory maximum, twenty-four month sentence imposed by the United States District Court for the Western District of

Oklahoma for his violation of the terms of his supervised release. Mr. Burdex contends that the district court improperly departed upward from the sentence prescribed by Chapter 7 of the United States Sentencing Guidelines, that he had inadequate notice of the court's intention to depart, and that his sentence was excessive and greater than necessary because it failed to account for his need for post-incarceration drug treatment pursuant to 18 U.S.C. § 3553(a). We accept jurisdiction pursuant 28 U.S.C. § 1291 and affirm the sentence imposed by the district court.

## I. BACKGROUND

On April 14, 1995, after serving slightly less than forty-eight months of a fifty-seven month prison sentence, Mr. Burdex was released from incarceration and began serving the court ordered term of three years supervised release. On June 12, 1995, only two months after his release, Mr. Burdex submitted a urine sample pursuant to the terms of his supervised release. The sample tested positive for cocaine and marijuana. Subsequently, on June 16 and June 22, 1995, Mr. Burdex failed to submit urine samples as required by the terms of his supervised release. On July 13, 1995, an Amended Petition for Warrant or Summons for Offender Under Supervision was filed that made the following allegations: (1) Mr. Burdex submitted a urine specimen on June 12, 1995, which tested positive for cocaine and marijuana usage; (2) he failed to submit urine specimens for drug testing on June 16 and June 22, 1995; and (3) on July 10, 1995, Mr.

2

Burdex stated that on or about May 28, 1995, he smoked marijuana that had been "dusted" with cocaine. Mr. Burdex stipulated to each of these allegations. The district court found that Mr. Burdex had violated the conditions of his supervised release and revoked his remaining term of supervision.

In the sentencing phase of Mr. Burdex's proceeding, the United States Probation Office submitted a presentence report that calculated Mr. Burdex's range of imprisonment at eight to fourteen months using the "policy statements" contained in Chapter 7 of the Sentencing Guidelines. The sentencing court considered this range and declared it inadequate for Mr. Burdex. The district court stated that the recommended Chapter 7 range "does not address adequately the gravity of the defendant's past criminal conduct (i.e., Criminal History Category VI), nor the fact that the defendant possessed cocaine less than two months after being released on supervision." Aplt's Br. Attach. A at 2. For these reasons, the court sentenced Mr. Burdex to the statutory maximum of twenty-four months imprisonment. See 18 U.S.C. § 3583(e)(3) (setting the maximum term at two years in prison for violations of supervised release if the offense that resulted in the term of supervised release is a class C or D felony).

## II. DISCUSSION

We review the district court's findings of fact underlying a sentence for clear error and review de novo its interpretations of the Sentencing Guidelines. See United States v.

Evans, 985 F.2d 497, 499 (10th Cir. 1993).  We also review for clear error the district court's application of the Guidelines to the facts.  See United states v. Lee, 957 F.2d 770, 772 (10th Cir. 1992).

Mr. Burdex makes three arguments on appeal.  First, he argues that his case does not present the extraordinary circumstances necessary for a district court to depart upward from sentencing range prescribed by the Sentencing Guidelines' Chapter 7 policy statements.  Second, he contends that the district court failed to give him adequate notice of its intention to depart upward from the sentencing range prescribed by Chapter 7.  Finally, he maintains that the district court imposed a sentence which was excessive and greater than necessary in violation of 18 U.S.C. § 3553(a), because the court failed to adequately consider his need for post-incarceration drug treatment.  We address each of these arguments in turn.

### A.  Departure from Chapter 7

Mr. Burdex contends that Chapter 7 of the Sentencing Guidelines is authoritative and should not be departed from except for "extraordinarily compelling reasons."  Aplt's Br. at 12.  Mr. Burdex relies on two recent Supreme Court decisions for this proposition: Williams v. United States, 503 U.S. 193 (1992), and Stinson v. United States, 508 U.S. 36 (1993).  Mr. Burdex claims that his situation is not "extraordinary," and therefore, the district court erred by sentencing him to substantially more time in prison than Chapter 7

of the Sentencing Guidelines allows. As Mr. Burdex's counsel graciously admitted at oral argument, the viability of this argument has been foreclosed by our decision in United States v. Hurst, 78 F.3d 482, 483-84 (10th Cir. 1996) (reaffirming rule in Lee, 957 F.2d at 773, that "the policy statements regarding revocation of supervised release contained in Chapter 7 . . . are advisory rather than mandatory in nature").

## B. Notice of Departure from Chapter 7

Despite the conclusion in Hurst that the Chapter 7 policy statements are not binding upon a sentencing court, Mr. Burdex argues that a sentencing court should be required to give defendants notice before departing upward from the applicable Chapter 7 policy statements. Mr. Burdex cites Burns v. United States, 501 U.S. 129 (1991), for the well-settled proposition that a sentencing court must give a defendant reasonable notice before departing upward, sua sponte, from a guideline sentencing range "on a ground not identified as a ground for upward departure either in the presentence report or in a prehearing submission by the Government," id. at 138. This rule promotes "focused, adversarial resolution of the legal and factual issues relevant to fixing Guidelines sentences," Burns, 501 U.S. at 137, and allows the defendant to marshal and present evidence opposing any upward departure, see United States v. Hofierka, 83 F.3d 357, 362 (11th Cir. 1996). We have not previously decided whether a sentencing court must give

notice before departing upward from a Chapter 7 recommended sentencing range.  We hold that such notice is not required.

Although Hurst did not address this issue, the Fifth Circuit case upon which Hurst relies, Unites States v. Mathena, 23 F.3d 87 (5th Cir. 1994), did, stating that "[a] sentence which diverges from advisory policy statements is not a departure such that a court has to provide notice," id. at 93 n. 13.  See also Hofierka, 83 F.3d at 362 (11th Cir.) ("[E]xceeding [the Chapter 7] range does not constitute a 'departure.'  Consequently, we hold that the sentencing court is not required to give notice of its intent to exceed the Chapter 7 sentencing range.") (citations omitted); United States v. Davis, 53 F.3d 638, 642 n. 15 (4th Cir. 1995) ("It is well established that '[a] sentence which diverges from advisory policy statements is not a departure.'") (quoting Mathena, 23 F.3d at 93 n. 13); United States v. Blackston, 940 F.2d 877, 893 (3d Cir.) ("When working with policy statements (as opposed to guidelines), the district court is not required . . . to impose a sentence outside of the prescribed range . . . by finding an aggravating factor that warrants an upward departure . . . ."), cert. denied, 502 U.S. 992 (1991).  We now adopt the well-accepted position of the Fifth Circuit that a sentencing court is not required to give notice of its intent to exceed the sentencing range prescribed by the Chapter 7 policy statements for violations of supervised release.

This conclusion follows directly from our holding in Hurst that the Chapter 7 policy statements are not binding on sentencing courts.  A sentence in excess of the

6

Chapter 7 range is not a "departure" from a binding guideline. Rather, only the statutory maximum imposed by Congress binds a sentencing court as to the length of a sentence imposed upon a violation of supervised release. All discussions of applicable sentences before a district court following the revocation of supervised release "should be grounded in the common understanding that the district court may impose any sentence within the statutory maximum." Hofierka, 83 F.3d at 362. Thus, we find no error with the sentencing court's failure to give Mr. Burdex prior notice of its intention to depart from the Chapter 7 policy statements.

### C. Application of 18 U.S.C. § 3553

Mr. Burdex next submits that the sentencing court failed to adequately consider his need for post-incarceration drug treatment, and thus imposed a sentence which was excessive and greater than necessary, in violation of 18 U.S.C. § 3553(a)(2)(D). We find this argument unpersuasive.

18 U.S.C. § 3553(a) does not provide Mr. Burdex with any specific right to post-incarceration drug treatment. Section 3553(a) provides in relevant part:

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--
> . . .
>     (2) the need for the sentence imposed--
> . . .

7

(D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner . . . .

18 U.S.C. § 3553(a)(2)(D).  Other factors to be considered pursuant to section 3553(a) when imposing a sentence are:  "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1); the seriousness of the offense, see 18 U.S.C. § 3553(a)(2)(A); deterrence, see 18 U.S.C. § 3553(a)(2)(B); protection of the public, see 18 U.S.C.  § 3553(a)(2)(C); "the kinds of sentences available," 18 U.S.C. § 3553(a)(3); the guidelines and policy statements issued by the Sentencing Commission, see 18 U.S.C. § 3553(a)(4)-(5); unwarranted sentence disparities, see 18 U.S.C. § 3553(a)(6); and restitution to victims, see 18 U.S.C. § 3553(a)(7).

We have previously held that the sentencing court is not required to consider individually each of the factors listed in 18 U.S.C. § 3553(a) before issuing a sentence. See Lee, 957 F.2d at 774-75 (citing United States v. Graves, 914 F.2d 159, 160 (8th Cir. 1990)).  A sentencing court need only give the reasons for its action as required by 18 U.S.C. § 3553(c).[1]  Thus, when imposing a sentence, a district court need only consider 18 U.S.C. § 3553(a) en masse and state its reasons for imposing a given sentence.  See id. at 775; see also Blackston, 940 F.2d at 893-94.  Here, the sentencing court clearly

---

[1]     We note, for the sake of clarity, that Mr. Burdex did not argue that the district court failed to give adequate reasons for its departure from the Chapter 7 policy statements as required by 18 U.S.C. § 3553(c).

8

satisfied its duty under § 3553(a) and (c). The sentencing court noted that the sentencing range applicable to Mr. Burdex under Chapter 7 was eight to fourteen months. The court then stated:

> The Court has considered the Guideline range and finds it is insufficient to address the seriousness of the defendant's conduct. Specifically, the recommend[ed] Guideline range does not address adequately the gravity of the defendant's past criminal conduct (i.e., Criminal History Category VI), nor the fact that the defendant possessed cocaine less than two months after being released on supervision.

Aplt's Br. Attach. A at 2 (emphasis added). The failure to discuss drug treatment specifically is not sufficient to invalidate the sentence under 18 U.S.C. § 3553(a) and (c). See Lee, 957 F.2d at 774-75; Blackston, 940 F.2d at 893-94.

## III. CONCLUSION

For the forgoing reasons, namely the non-binding nature of the Chapter 7 policy statements, the lack of a requirement that the district court give notice of its intention to depart from the Chapter 7 sentencing range prior to doing so, and the district court's adequate consideration of the factors listed in 18 U.S.C. § 3553(a), we AFFIRM the sentence imposed by the district court.