UNITED STATES COURT OF APPEALS
**Filed 1/13/97**
FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

HOUSTON WISE TALAMASEY,

Defendant-Appellant.

No. 96-6166
(D.C. No. CR-96-22-R)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before TACHA, EBEL, and BRISCOE, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Houston Wise Talamasey pled guilty to a charge of engaging in sexual contact with a child under age twelve, in violation of 18 U.S.C. §§ 2241(c) and 2244(a)(1). He appeals from the district court's finding that he committed aggravated sexual abuse by "the penetration, however slight, of the . . . genital opening," see 18 U.S.C. § 2246(2)(C), which led the district court to calculate Talamasey's sentence under the criminal sexual abuse guideline, U.S.S.G. § 2A3.1, instead of the abusive sexual contact guideline, U.S.S.G. § 2A3.4. We have jurisdiction under 28 U.S.C. § 1291, and affirm.

"We review the district court's findings of fact underlying a sentence for clear error and review de novo its interpretations of the Sentencing Guidelines." United States v. Burdex, 100 F.3d 882, 884 (10th Cir. 1996). "We also review for clear error the district court's application of the Guidelines to the facts." Id.

Talamasey's plea agreement specified that the sentencing guideline for abusive sexual contact contained a cross-reference to aggravated sexual abuse of a child, see U.S.S.G. § 2A3.4(c)(1); that Talamasey could be sentenced under this cross-reference as if he had pled guilty to aggravated sexual abuse of a child, except that he could not be sentenced to more than ten years' imprisonment; that the government would present evidence that Talamasey was guilty of aggravated sexual abuse of a child; and that the government would urge the sentencing court to apply the cross-reference. R. Vol. I, Doc. 15 at 5-6. At Talamasey's plea

hearing, the government reiterated that it would ask the court to sentence Talamasey under the cross-reference. R. Supp. Vol. I at 8. The court explained this further and asked Talamasey if he understood. Id. at 9. Talamasey said he did. Id.

At sentencing, the district court found from the evidence that

> there [were] some inconsistencies, certainly, in the statements[;] however, we do know that there was a touching, there's no question about that, the defendant has admitted that, and additionally, consistently, this little girl has said that she was penetrated either by the man's penis or by [sic] digitally, and I'm satisfied from this testimony by a preponderance of the evidence that--that she was penetrated, which constitutes sexual abuse. Under the statute, criminal sexual abuse is committed when there has been penetration.

R. Vol. II at 27-28. Based on our review of the record, this finding is not clearly erroneous.

Because Talamasey was warned that he could be sentenced under the criminal sexual abuse guideline according to the cross-reference in the abusive sexual contact guideline, and because the district court's finding that Talamasey committed criminal sexual abuse is not clearly erroneous, we find no error in the district court's application of the cross-reference.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

Entered for the Court

David M. Ebel
Circuit Judge