**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 10 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

FRANCISCO VASQUEZ-SOTO,

    Defendant - Appellant.

No. 99-4241

(D. Utah)

(D.C. No. 96-CR-174-W)

---

**ORDER AND JUDGMENT**  *

---

Before **MURPHY** , **McKAY** , and **ANDERSON** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Francisco Vasquez-Soto ("Vasquez") illegally reentered the United States in violation of 8 U.S.C. § 1326 and the terms of supervised release imposed on

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

him for a previous drug trafficking conviction. He was convicted and sentenced for the unlawful reentry, following which the government initiated proceedings to revoke his supervised release on the earlier sentence. The district court ruled that Vasquez had violated the conditions of his supervised release and imposed the statutory maximum sentence of 24 months imprisonment pursuant to 18 U.S.C. § 3583(e)(3), to be served consecutively to the sentence for unlawful reentry. On appeal, Vasquez challenges his revocation sentence on two grounds: (1) that the district court should have sentenced him pursuant to the Sentencing Guidelines Policy Statement range of six to twelve months for violation of supervised release; and (2) that the sentence violated his constitutional rights to Equal Protection and Due Process. We affirm.

## BACKGROUND

In October 1996, Vasquez was convicted of Aiding and Abetting Distribution of Cocaine, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2, and was sentenced to eighteen months in prison and 24 months of supervised release. Vasquez was released from prison on November 26, 1997, and was deported one week later. As a special condition of his supervised release, Vasquez was prohibited from reentering the United States without the permission of the United States Attorney General.

After his deportation, Vasquez illegally reentered the United States and returned to Utah, where he had lived at the time of his 1996 drug conviction. Between September 1998 and July 1999, Vasquez was convicted of two assault charges, one against his girlfriend, and was arrested on a third assault charge. As a result of these arrests, federal authorities learned of Vasquez's reentry into the United States in violation of the conditions of his supervised release. Vasquez was subsequently indicted and convicted for violating 8 U.S.C. § 1326, which prohibits reentry to the United States by a previously deported alien, and sentenced by U.S. District Judge Bruce Jenkins to 27 months imprisonment. The government also initiated proceedings before U.S. District Judge Tena Campbell, the judge in Vasquez's original 1996 drug case, to revoke Vasquez's supervised release because of his illegal reentry.

Vasquez admitted the allegations in the supervised release petition. The probation officer prepared a Hearing Report and Worksheet showing the statutory maximum of 24 months imprisonment under 18 U.S.C. § 3583(e)(3) and an alternative calculation of six to twelve months imprisonment based on U.S.S.G. § 7B1.4(a) (Policy Statement). The district court found that the policy statement guideline range did not reflect the severity of Vasquez's offenses and his dangerousness, and sentenced Vasquez to the statutory maximum, stating:

> I impose this sentence above the guideline recommendations for two
> reasons. One, I recognize that [counsel] says that you have finally

gotten the point, but I would have thought that you would have gotten the point a couple of years ago. Secondly, when you come back to this country, not only do you come back illegally, but you come back and commit violent crimes against women, and I think you are a dangerous man.

R. Vol. II at 6.

## ANALYSIS

Because Vasquez did not object to his sentence at the time of sentencing, we review his legal challenges to his sentence on appeal for plain error only. <u>See</u> <u>United States v. Lindsay</u>, 184 F.3d 1138, 1142 (10th Cir. 1999).[1] However, this plain error standard is less rigid for a potential constitutional error. <u>See</u> <u>United States v. Jefferson</u>, 925 F.2d 1242, 1254 (10th Cir. 1991).

### 1. *Statutory Maximum Sentence*

The Sentencing Guidelines contain a policy statement regarding ranges for use in sentencing for revocations of probation and supervised release. This statement appears as U.S.S.G. § 7B1.4(a), which provides, in relevant part:

**§7B1.4.** __Term of Imprisonment__ **(Policy Statement)**

(a) The range of imprisonment applicable upon revocation is set forth in the following table:

---

[1]While our review is for plain error only, we note that we would affirm Vasquez's sentence under the applicable standard of review had he objected.

-4-

**Revocation Table**
**(in months of imprisonment)**

**Criminal History Category**

| Grade of Violation | I | II | III | IV | V | VI |
|---|---|---|---|---|---|---|
| | | | * * * | | | |
| Grade B | 4-10 | 6-12 | 8-14 | 12-18 | 18-24 | 21-27 |

The parties agree that Vasquez's assault conviction is a Grade B Violation and his Criminal History Category is II, resulting in a recommended range of six to twelve months. The statute, 18 U.S.C. § 3583(e)(3), provides that "a defendant whose [supervised release] term is revoked under this paragraph may not be required to serve more than . . . 2 years in prison if such offense [the charge that resulted in the term of supervised release] is a Class C or D felony." Vasquez's cocaine charge was a Class C felony.

Vasquez argues, in essence, that by sentencing him to the statutory maximum, the district court departed from the guidelines, and did so without sufficient reason justifying either an upward departure or the extent of the departure. He cites, in support of this proposition, various cases dealing generally with upward departures from the guidelines, but no case relating to revocation sentencing or policy statement guideline § 7B1.4(a).

The issue is controlled by our cases on the subject that hold that, in its present form as a policy statement, § 7B1.4(a) is merely advisory and that we

review sentences above the suggested ranges for reasonableness only. See United States v. Hurst, 78 F.3d 482, 483 (10th Cir. 1996); United States v. Brooks, 976 F.2d 1358, 1361 (10th Cir. 1992); United States v. Lee, 957 F.2d 770, 774 (10th Cir. 1992).

In sentencing Vasquez, the district court stated that the 24-month sentence was imposed to help Vasquez "get the point," and because Vasquez was dangerous. These are appropriate sentencing factors. See 18 U.S.C. § 3553 (sentencing courts should consider need to promote respect for the law, afford adequate deterrence, and protect the public). We conclude that the 24-month sentence imposed was both reasoned and reasonable, considering Vasquez's repeated violations of the law and the corresponding danger he presented to the community. [2]

## 2. *Equal Protection*

Vasquez also claims that the district court impermissibly relied on gender as a factor to increase his sentence above the recommended range. The court stated "when you come back to this country, not only do you come back illegally,

---

[2]Vasquez makes a brief and undeveloped reference to double jeopardy concerns, see Appellant's Br. at 8, while at the same time noting U.S.S.G. § 7B1.3(f) to the contrary. This argument, to the extent raised, is meritless. See U.S.S.G. § 7B1.3(f); United States v. Soto-Olivas, 44 F.3d 788, 790 (9th Cir. 1995) (supervised release is part of the sentence imposed in the original crime).

but you come back and commit violent crimes against women, and I think you are a dangerous man." R. Vol. II at 6. We disagree with Vasquez's statement that "it is obvious from the district court's pronouncement that, had he assaulted male victim[s], Vasquez would not have been a candidate for the court's gender-grounded upward departure." Appellant's Br. at 7. The record presents no evidence that his gender or his victims' gender, rather than his violent crimes, caused the district court to sentence him above the recommended range. Accordingly, we find the district court did not impermissibly consider gender in a way prohibited by the Sentencing Guidelines, see U.S.S.G. § 5H1.10, and the Equal Protection Clause of the Constitution. See United States v. Pena , 930 F.2d 1486, 1495 (10th Cir. 1991) (nothing in record or judge's reasoning suggests impermissible sentence due to gender).

### 3.  *Due Process*

Finally, Vasquez argues that he was denied due process because he was not notified of the court's intent to sentence him above the recommended sentencing range. "[A] sentencing court is not required to give notice of its intent to exceed the sentencing range prescribed by the Chapter 7 policy statements for violations of supervised release." United States v. Burdex , 100 F.3d 882, 885 (10th Cir. 1996). "All discussions of applicable sentences before a district court following

the revocation of supervised release 'should be grounded in the common understanding that the district court may impose any sentence within the statutory maximum.'" Id. (quoting United States v. Hofierka , 83 F.3d 357, 362 (11th Cir. 1996)). Thus, the district court did not err by failing to give Vasquez notice of its intent to exceed the sentencing range in the Chapter 7 policy statement.

## CONCLUSION

For the reasons stated above, we AFFIRM Vasquez's sentence.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge