**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 31 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CLIFTON HENRY VERETTO, also
known as Clifton Henry Deretto,

Defendant-Appellant.

No. 01-1167
(D.C. No. 95-CR-334-Z)
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **TACHA** , Chief Judge, **BALDOCK** , Circuit Judge, and **BRORBY** Senior
Circuit Judge.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Clifton Henry Veretto was initially convicted of one count of being a felon in possession of a firearm, and a fugitive from justice in possession of a firearm. 18 U.S.C. §§ 922(g)(1), (2). He received a sentence of twenty-one months' imprisonment, followed by a period of supervised release of three years. After Mr. Veretto had served his prison sentence, the government filed a petition to revoke his supervised release based on five separate violations of its terms. Mr. Veretto admitted to four of the violations in open court. The district court revoked his supervised release, and sentenced him to a term of imprisonment of twenty-four months. He now appeals, raising several procedural and substantive challenges to the sentence awarded upon revocation.

Mr. Veretto's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and has moved for leave to withdraw as counsel. Mr. Veretto has filed a response in which he raises three other issues relating to his sentence and the revocation procedure. For the reasons set out below, we grant counsel's motion to withdraw and dismiss the appeal.[1]

---

[1] *Anders* holds that if counsel finds a case to be wholly frivolous after conscientious examination, he may so advise the court and request permission to withdraw. Counsel must also submit to the court a brief referring to anything in the record arguably supportive of the appeal. The brief is then served upon the client, who may then raise any point he chooses, and this court thereafter undertakes a complete examination of all proceedings and decides whether the appeal is in fact frivolous. If it so finds, it may grant counsel's request to withdraw and dismiss the appeal. *Anders*, 386 U.S. at 744.

Mr. Veretto's original firearms conviction was a Class "C" felony. Therefore, the maximum sentence the district court could award for a violation of the terms of his supervised release was two years. 18 U.S.C. § 3583(e)(3).

A Guideline policy statement suggests a sentence of six to twelve months for a Grade "C" supervised release violation for a defendant who fits within criminal history category IV. U.S. Sentencing Guidelines Manual § 7B1.4 (2000) (revocation table). The district court determined, based on Mr. Veretto's repeated violations of the terms of supervised release, that an upward departure from this range was required. It mistakenly believed, however, that it could depart upward to a statutory maximum sentence of *six* years. The district court stated:

> I think the Court to protect the public might very well go up to as much as six years, but I'm not going to do that.
>
> ***
>
> [I]t's been argued by [counsel] that [Mr. Veretto] has not had any violations of law, and for this reason I'm not going to go up to the six years.
>
> ***
>
> The Court will at this time order that there shall be an upward departure from the 12 months at the top of the range to a period – I'm just going to double that to a period of two years.

R., Vol. 2 at 27-28.

Despite its misconception about the statutory maximum sentence, the district court awarded a sentence within the two-year statutory maximum. The government concedes the legal error but argues it was harmless.

We need not decide how this issue would be resolved if it had come to us properly preserved in the district court. This issue was not preserved for review and we can therefore review it only for plain error. Fed. R. Crim. P. 52(b). Reversal is only warranted for plain error if there is "(1) an error; (2) that is plain or obvious; [which] (3) affects substantial rights; and [(4)] seriously affect[s] the fairness, integrity[,] or public reputation of judicial proceedings." *United States v. Hishaw*, 235 F.3d 565, 574 (10th Cir. 2000), *cert. denied*, 121 S. Ct. 2254 (2001).

Mr. Veretto has failed to carry his burden of showing that the district court committed plain error. *See United States v. Olano*, 507 U.S. 725, 741 (1993) (stating defendant has burden of showing plain error under Rule 52(b)). First, the resulting sentence did not exceed the statutory maximum. Second, the district court's statements at sentencing make it quite clear it intended a substantial upward departure from the top of the guideline range. The district court tied this departure to the guideline amount, mathematically, by doubling the guideline maximum. It did not explicitly tie the length of the sentence to an erroneous view of the *statutory* maximum sentence.

Although the district court was mistaken about the law, Mr. Veretto has failed to show that the error seriously affected the fairness or integrity of the proceedings. Under these circumstances, no useful purpose could be served by remanding his case to the district court for resentencing. *See United States v. Fallin*, 946 F.2d 57, 58 (8th Cir. 1991).

The remaining issues raised here lack merit. In the *Anders* brief, counsel suggests that Mr. Veretto could argue he was misled into admitting his violations of supervised release by an erroneous statement in the supervised release report. The report stated that the maximum sentence he faced was three years, rather than two. Mr. Veretto does not argue, however, that he would not have admitted to the violations had he known that he only faced a two-year maximum sentence. Nor does he deny committing the violations with which he was charged. He has failed to show prejudice from the error.

In Mr. Veretto's response to the *Anders* brief, he argues that the district court denied him due process by failing to advise him in advance that it intended to depart upward. Such an advisement is not required where the district court departs upward from a Chapter 7 policy statement, however. *United States v. Burdex*, 100 F.3d 882, 885 (10th Cir. 1996).

Mr. Veretto also argues that the district court failed to consider factors relevant to the length of his sentence as required by 18 U.S.C. § 3583(e). A

district court is not required to consider individually each of these factors prior to issuing a sentence. *See Burdex*, 100 F.3d at 886. We have reviewed the sentencing transcript and conclude that the district court's discussion of the factors was sufficient to meet the statutory requirements, and that the district court did not abuse its discretion in departing upwardly as it did.

Finally, Mr. Veretto argues that the district court did not provide an adequate statement of reasons for imposing its sentence, 18 U.S.C. § 3553(c), and failed to adequately consider his need for educational or vocational training, medical care, or other correctional treatment, *see id.* § 3553(a)(2)(D). Our review persuades us that the district court's statement of reasons was adequate. The district court explicitly encouraged Mr. Veretto to improve himself during his time in prison by taking whatever seminars and courses would be helpful for him, and indicated a willingness to sign an order requiring that Mr. Veretto receive treatment for his back problems. *See* R., Vol. 2 at 30; *see also id.*, Vol. 1, doc. 65 at 2 (sentencing minute order recommending that "defendant receive medical treatment for his back, if any is necessary").

The appeal is DISMISSED. Counsel's motion to withdraw is GRANTED.

Entered for the Court

Deanell Reece Tacha
Chief Judge

-6-