**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 22 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ROBERT REED, JR.,

Defendant-Appellant.

No. 02-3319
(D.C. No. 02-CM-10022-01-MLB)
(D. Kansas)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

Robert Reed appeals the sentence he received for violation of the conditions of his supervised release. He maintains the district court improperly considered his educational needs in imposing a two year prison term. We affirm.

Mr. Reed was originally sentenced to forty-four months in federal prison to

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

be followed by three years of supervised release for aiding and abetting in the transportation of stolen firearms and for felon in possession of firearms. While serving his term of supervised release, Mr. Reed violated certain conditions of his release. At the revocation hearing in the district court, he admitted all but one of the violations alleged. The government requested a sentence of ten months without any further supervised release. The defendant requested a sentence of eight months.

During the court's colloquy with Mr. Reed, the court learned that Mr. Reed was having difficulties staying employed because of his poor educational background. Mr. Reed had been on his own since he was thirteen, he did not learn to count until he was fourteen, and he can barely read or write. After discussing the need for educational opportunities and the unavailability of such opportunities in the county jail system, the court stated:

> Well, I'm going to do something here that you may not like initially but that may prove out for you in the end because if I give you an eight month sentence, you'll spend it in a jail someplace basically and you won't get any benefit other than just being locked up. They don't give any educational opportunities to people in county jails that I'm aware of. It's pretty apparent to me that this is your last chance to try to get some education, some just basic educational opportunities so that you can work because it seems to me from reading your presentence report and reading kind of between the lines here of these violations, the violations themselves are not that serious in the sense that they don't constitute in and of themselves crimes. Do you see what I'm saying?

Rec., vol. II, at 10-11.[1]  The court then sentenced Mr. Reed to twenty-four months in federal prison with the recommendation that he be given all possible educational opportunities.  *Id.* at 11-12.  Mr. Reed did not object to this sentence.

Because Mr. Reed did not object, our review is for plain error only.  *See United States v. Tisdale*, 248 F.3d 964, 975 (10th Cir. 2001) (failure to lodge specific objection to district court's interpretation or application of sentencing guidelines precludes appellate review, except for plain error).  To meet this standard, an error must be obvious and must "seriously affect[] the fairness, integrity, or public reputation of judicial proceedings."  *Jones v. United States*, 527 U.S. 373, 389 (1999).

We have previously held that we will not reverse a sentence imposed upon revocation of supervised release "if it can be determined from the record to have been reasoned and reasonable."  *United States v. Lee*, 957 F.2d 770, 774 (10th Cir. 1992).  Revocation proceedings are governed by 18 U.S.C. § 3583(e), which directs the court to consider factors set forth in various subsections of 18 U.S.C. § 3553(a) before determining an appropriate course of action with regard to a particular defendant.  Section 3553(a)(2)(D) requires the court to consider "the need for the sentence imposed . . . to provide the defendant with needed

---

[1] We admonish both defense and government counsel for violating 10th Cir. R. 28.2(A)(2) and 28.2(B) by failing to attach to their briefs a copy of the district court's sentencing decision from which this appeal was taken.

educational or vocational training . . . ." The court is not required to make specific findings with respect to each of the factors for consideration, but only to state reasons for its action. *See Lee*, 957 F.2d at 774-75. The district court amply explained its sentencing decision in this case and properly considered the relevant factors from § 3553(a).

Mr. Reed contends that 18 U.S.C. § 3582(a) and 28 U.S.C. § 994(k) prohibit the court from promoting education and rehabilitation as a factor in determining the length of a sentence after revocation of supervised release. The only authority Mr. Reed submits for his argument is a dissent from a Second Circuit opinion. *United States v. Anderson*, 15 F.3d 278 (2d Cir. 1994) (Kearse, J., dissenting) (suggesting medical care may not be considered in imposing sentence for violation of supervised release). However, neither the Second Circuit nor any other circuit has followed the *Anderson* dissent. *See, e.g.*, *United States v. Pelensky*, 129 F.3d 63, 70 (2d Cir. 1997) (following *Anderson* majority approach). In fact, the *Anderson* majority followed our decision in *Lee*. Citing from *Lee*, the court held: "we will affirm the district court's sentence provided (1) the district court considered the applicable policy statements; (2) the sentence is within the statutory maximum; and (3) the sentence is reasonable." *Anderson*, 15 F.3d at 284 (citing *Lee*, 957 F.2d at 774-75). Moreover, the Supreme Court has interpreted the relevant portions of the Sentencing Reform Act of 1994 as

follows: "It rejects imprisonment as a means of promoting rehabilitation, 28 U.S.C. § 994(k), and it states that punishment should serve retributive, educational, deterrent, and incapacitative goals, 18 U.S.C. § 3553(a)(2)." *Mistretta v. United States*, 488 U.S. 361, 367 (1989). In light of these authorities, there is no error, much less plain error, in the district court's sentence.

Mr. Reed also raises an issue regarding the length of his sentence, which was above the range suggested by the Sentencing Commission but did not exceed the statutory maximum. It is well-established that the guidelines listed in Chapter 7 are advisory, not mandatory. *Lee*, 957 F.2d at 773. Thus a sentence above the suggested range is not considered a "departure," nor is the court required to defend its decision to impose a sentence outside of the range. *United States v. Burdex*, 100 F.3d 882, 885 (10th Cir. 1996). After revocation of supervised release, the district court is bound only by the statutory maximum. *Id.* The statutory maximum sentence that may be imposed on revocation in cases involving Class C felonies is two years. 18 U.S.C. § 3583(e)(3). The district court did not err in sentencing Mr. Reed to the statutory maximum.

Accordingly, we **AFFIRM**.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge
