**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 25, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RONDALE LEON DOGANS,

Defendant - Appellant.

No. 06-6313

(W. D. Oklahoma)

(D.C. No. 02-CR-151-M)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

---

Rondale Leon Dogans pleaded guilty in the United States District Court for the Western District of Oklahoma to a charge of access-device fraud, *see* 18 U.S.C. § 1029(a), and was sentenced on June 4, 2003, to 15 months' imprisonment followed by three years' supervised release. He was released from prison on July 1, 2004, and began his term of supervised release. On September 12, 2006, the probation office filed a petition alleging several

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

violations of his conditions of release. At the hearing on September 20, the district court found that Mr. Dogans had violated the terms of his supervised release, revoked his term of supervision, and sentenced him to two years' imprisonment, the statutory maximum. *See* 18 U.S.C. § 3583(e)(3) (maximum term for Class D felonies); § 3559(a)(4) (definition of Class D felony). On appeal Mr. Dogans argues that the district court's sentence was unreasoned and unreasonable. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

Before revocation of Mr. Dogans's supervised release, the terms of that release had been modified twice. A few weeks after he was placed on supervised release, the district court reduced his restitution payments from $1,397 to $350 per month because of his inability to pay the higher sum. In October 2005, about 16 months after his supervised-release term began, he tested positive for marijuana use and was confined to home detention for 90 days.

The September 2006 petition alleged that Mr. Dogans had violated his conditions of release by (1) committing crimes; (2) failing to abstain from the use of alcohol; (3) failing to notify his probation officer within 72 hours of being arrested or questioned by a law-enforcement officer; (4) failing to submit complete and truthful written reports to his probation officer within the first five days of each month; (5) failing to answer truthfully all inquiries by his probation officer; (6) failing to participate in a program of substance-abuse aftercare, as

directed by his probation officer; and (7) failing to pay restitution in accordance with the criminal judgment against him.

The allegations were based on the following episodes: On January 18, 2006, Mr. Dogans was issued citations by the Oklahoma Highway Patrol for failing to carry proof of liability coverage and for operating a vehicle without a license. He failed to report these citations to his probation officer. His probation officer learned of the citations and verbally reprimanded Mr. Dogans on March 27, 2006, for this failure. On June 21, 2006, the probation officer learned that Mr. Dogans had failed to report a March 6 citation for a seat-belt violation, even after having been verbally reprimanded on March 27 for a similar failure. On July 3 Mr. Dogans denied to his probation officer that he had failed to report the March 6 citation.

On July 21 and August 21, 2006, Mr. Dogans failed to report for required random drug tests. On August 4 he was arrested by Oklahoma City police officers after allegedly vandalizing private property at an apartment complex. The victims reported that Mr. Dogans threw an object through their sliding-glass door and painted a profane statement on their front door. Mr. Dogans's breath had an odor of alcohol and he appeared to have been drinking. Mr. Dogans had previously been questioned by police officers in June 2006 regarding a separate incident of property destruction. But at a meeting with his probation officer on

August 18, he denied having had any contact with law-enforcement officers in June.

Mr. Dogans also failed to make required restitution payments several times during his supervised release. He made no payments from January through May 2006. On August 3, 2006, after being informed that his failures to pay had been reported to the court, he called his probation officer to say that he had mailed a $300 payment the previous day. To document the payment, he submitted a money-order receipt to his probation officer. Upon investigation by the probation officer, however, the receipt was determined to be for Mr. Dogans's rent, not a restitution payment.

The district court found by a preponderance of the evidence that the allegations in the petition were true. Mr. Dogans requested that his supervised release not be revoked but argued in the alternative that the applicable sentencing range for his violations was 5-11 months' imprisonment under Chapter 7 of the United States Sentencing Guidelines (USSG). The district court sentenced him to two years' imprisonment.

The district court noted the large number and severity of the offenses charged in the petition, including numerous law-enforcement contacts and Mr. Dogans's destruction of private property. It emphasized his failure to make his restitution payments despite the modification in the amount owed and the extreme efforts by his codefendant to make her own restitution payments. And it

described as "outrageous" Mr. Dogans's attempt to deceive his probation officer with a money-order receipt. R. Vol. 2 at 42. Given the number of violations outlined in the petition, and the failure of previous modifications to affect Mr. Dogans's behavior, the court described him as "not supervisable." *Id.* It further stated that a sentence of two years' imprisonment was appropriate because it would permit Mr. Dogans to receive drug-rehabilitation treatment.

Mr. Dogans does not contest the findings of the district court, only his sentence. He contends on appeal that it is unreasoned and unreasonable. He argues that the district court failed to properly consider Chapter 7's suggested sentence of 5-11 months' imprisonment, or the factors in 18 U.S.C. § 3553(a). We reject these arguments.

USSG Chapter 7 addresses sentencing for violations of conditions of release. Like the Guidelines provisions for sentencing upon conviction of a crime, Chapter 7 provides a sentencing range based on the severity of the violation and the offender's criminal history. The ranges appear in USSG § 7B1.4(a), which has always been a "policy statement" rather than a "guideline." *See United States v. Burdex*, 100 F.3d 882, 885 (10th Cir. 1996); *United States v. Hurst*, 78 F.3d 482, 483 (10th Cir. 1996). The district court must consider the Chapter 7 policy statements when imposing sentence, *see United States v. Kelley*, 359 F.3d 1302, 1304–05 (10th Cir. 2004); but we will not disturb a sentence in excess of the Chapter 7 range "if it can be determined from the record to have

been reasoned and reasonable." *United States v. Tedford*, 405 F.3d 1159, 1161 (10th Cir. 2005) (internal quotation marks omitted).

Mr. Dogans's sentence was reasoned and reasonable. That Mr. Dogans disagrees with the district court's explanation does not make it unreasoned. Perhaps one error was the district court's failure to mention Chapter 7. But "even failure to consider Chapter 7 policy statements when sentencing after revocation of supervised release is harmless error when the sentence is clearly reasonable and justified." *United States v. Lee*, 957 F.2d 770, 775 (10th Cir. 1992).

The relevant factors set forth in 18 U.S.C. § 3553(a) are: "1) the nature and circumstances of the offense, 2) the history and characteristics of the defendant, 3) the need for the sentence to afford adequate deterrence to criminal conduct, 4) the need to protect the public from further crimes of the defendant, 5) the need to provide the defendant with needed training, medical care, or correctional treatment, and 6) the sentencing range established under the sentencing guidelines or the policy statements applicable to a violation of supervised release." *Kelley*, 359 F.3d at 1304. In our view, the sentence was clearly reasonable and justified in light of these factors.

We AFFIRM the sentence below.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge

-6-