**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 15, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CLAYTON BRUCE MITCHELL,

    Defendant - Appellant.

No. 17-4201
(D.C. No. 2:05-CR-00033-TC-1)
D. Utah

**ORDER AND JUDGMENT**[*]

Before **BACHARACH**, **MURPHY**, and **MORITZ**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. BACKGROUND

In 2006, Defendant-Appellant Clayton Bruce Mitchell was convicted of possession of methamphetamine with intent to distribute and possession of a firearm in furtherance of drug trafficking. He completed his 117-month term of incarceration and began serving a forty-eight-month term of supervised release. On December 6, 2017, Mitchell's supervised release was revoked and he was sentenced to twenty-four months' imprisonment—ten months higher than the top of the advisory guidelines range.

Mitchell's counsel has filed an appellate brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and moved to withdraw as attorney of record. For the reasons set forth below, we agree with counsel that the record in this case provides no nonfrivolous basis for an appeal. We, therefore, **grant** counsel's motion to withdraw and **dismiss** this appeal.

## II. DISCUSSION

Under *Anders*, counsel may "request permission to withdraw where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005). Counsel is required, however, to submit a brief to both the defendant and this court indicating any potential appealable issues. *Id.* The defendant may submit additional arguments. "The [c]ourt must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous. If the court

-2-

concludes after such an examination that the appeal is frivolous, it may grant counsel's motion to withdraw and may dismiss the appeal." *Id.* (citation omitted). Mitchell's counsel filed her *Anders* brief on June 4, 2018. In the brief, counsel advised this court that Mitchell's appeal is wholly frivolous. Mitchell was provided with a copy of the *Anders* brief and he filed additional arguments on July 16, 2018.

In his filing, Mitchell argues the sentence imposed by the district court is procedurally unreasonable, a violation of the Eight Amendment, and violation of his right to due process. As to the issue of procedural reasonableness, the record belies Mitchell's assertion the district court failed to make any necessary findings to support the sentence. At the revocation and sentencing hearing, the court stated in detail the reasons for the variance. After first finding that Mitchell's testimony was not credible, the court expressed its concern that Mitchell's act of possessing a knife and concealing himself during a search of his home by his probation officer created an extremely dangerous situation. Thus, there is no basis in the record for concluding Mitchell's sentence is procedurally unreasonable.[1]

Mitchell also argues his sentence violates his right to due process and the Eighth Amendment because the district court lacked authority to vary upward

---

[1]The district court permitted Mitchell to allocute before imposing the sentence.

from the eight-to-fourteen-month range set out in USSG § 7B1.4.  Mitchell is mistaken.  Chapter 7 of the Guidelines contains policy statements, not sentencing guidelines.[2]  *United States v. Kelley*, 359 F.3d 1302, 1304 (10th Cir. 2004).  The only cap on Mitchell's term of incarceration for the violation of his supervised release is the statutory maximum set out in 18 U.S.C. § 3583(e).  *United States v. Burdex*, 100 F.3d 882, 884 (10th Cir. 1996) (affirming a twenty-four-month sentence for violating the conditions of supervised release when the Chapter 7 policy statement recommended eight to fourteen months).  Mitchell's 2006 conviction for possession of methamphetamine with intent to distribute was a Class B felony.  His 2006 conviction for possession of a firearm in furtherance of drug trafficking was a Class A felony.  The maximum term of incarceration for violation of supervised release after a Class A felony conviction is five years and the maximum term for a Class B felony conviction is three years.  18 U.S.C. § 3583(e)(3).  Because the sentence imposed by the district court was only two years, Mitchell's Eighth Amendment and due process arguments lack merit.

Mitchell does not allege his sentence is substantively unreasonable but his counsel references the issue in her *Anders* brief.  We have independently considered the question and conclude any argument that Mitchell's sentence is

---

[2]In any event, the Supreme Court long ago determined that none of the provisions of the Sentencing Guidelines are mandatory.  *United States v. Booker*, 543 U.S. 220, 258-60 (2005).

-4-

substantively unreasonable would be frivolous. This court "will not reverse a revocation sentence imposed by the district court if it can be determined from the record to have been reasoned and reasonable." *United States v. Contreras-Martinez*, 409 F.3d 1236, 1241 (10th Cir. 2005) (quotation and alteration omitted). "The violation of a condition of supervised release is a breach of trust and . . . it is primarily the breach of trust that is sanctioned." *Id.*

Here, the record shows Mitchell admitted to seven violations of his supervised release. Specifically, he was found in possession of a dangerous weapon, was found in possession of drug paraphernalia, admitted to using a controlled substance, twice submitted a positive drug test, had contact with law enforcement and received a citation but failed to notify his probation officer, and committed the offense of retail theft. The violation involving Mitchell's possession of a dangerous weapon occurred when his probation officer visited his residence. During that visit, Mitchell attempted to evade contact with his probation officer but was discovered hiding behind a bathroom door. Mitchell ignored the first command to drop the weapon but complied when his probation officer threatened to draw his weapon. The district court found that Mitchell's version of events, i.e., that he was unaware his probation officer was in the residence because he was wearing earbuds and that his probation officer previously gave him permission to possess a knife with a ten-inch fixed blade, was not credible.

The district court justified the twenty-four month sentence as follows:

> Okay. I find you violated the conditions of supervision. I know that the government is recommending 14 months. I think I have alerted everyone several times, because, primarily, but not only because of the situation that Mr. Mitchell placed the court's probation officers in, and now his falsehoods on the stand, his total refusal to admit any responsibility, culminating in a falsehood about [his probation officer] drawing a weapon, his continued drug use, what appears to me to be—I gather, on . . . September 6, he maybe was intoxicated, and it seems like he has no respect whatsoever for the Court's orders or for existing laws.

The record clearly supports these findings. The district court adequately considered the factors referenced in 18 U.S.C. § 3583(e) and the imprisonment range recommended by the nonbinding policy statements in Chapter 7 of the Sentencing Guidelines, and imposed a sentence within the statutory limit. *See* 18 U.S.C. § 3583(e)(3). The sentence the court imposed was reasoned and reasonable.

The only other possible basis for an appeal must relate to the voluntariness of Mitchell's admissions. Nothing in the record, however, indicates the admissions and stipulations Mitchell made during the final revocation hearing were not knowing and voluntary or that the district court's findings relating to those admissions are erroneous.

## III. CONCLUSION

After a review of the record, we agree with counsel that there is no nonfrivolous basis upon which Mitchell could challenge either the revocation of

-6-

his supervised release or the sentence imposed by the district court.  Accordingly, we conclude Mitchell's appeal is wholly frivolous.  Counsel's motion to withdraw is **granted** and this appeal is **dismissed**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge
