FILED
United States Court of Appeals
Tenth Circuit

October 11, 2024

Christopher M. Wolpert
Clerk of Court

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

GOLDYNE DURAN,

    Defendant - Appellant.

No. 23-2075
(D.C. No. 1:18-CR-01527-MV-1)
(D. N.M.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **McHUGH**, **MURPHY**, and **CARSON**, Circuit Judges.[**]
_____

When revoking a defendant's supervised release, a district court may order

incarceration followed by additional supervised release after considering certain statutory

factors.  Defendant argues that the district court abused its discretion by adopting a

categorical rule in favor of post-incarceration supervised release and failing to consider

the statutory factors.  But the district court considered the factors and thus did not abuse

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore submitted without oral argument.

its discretion.  Our jurisdiction arises under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

We affirm.

## I.

Defendant Goldyne Duran pleaded guilty in federal district court to possessing with intent to distribute more than fifty grams of methamphetamine and more than one kilogram of heroin.  The district court sentenced Defendant to twenty-four months' imprisonment and a five-year term of supervised release.  But Defendant violated the conditions of her supervised release when she wrecked her vehicle while driving under the influence of alcohol, criminally damaged property, refused substance testing, and lied to her parole officer, among other violations.  At Defendant's revocation hearing, the district court found—and the parties agreed—that the United States Sentencing Guidelines ("Guidelines") recommended three to nine months of imprisonment.  The district court stated without objection that the statute also provided for a term of post-incarceration supervised release up to life.

Defendant asked the district court to sentence her to a term of incarceration at the low end of the Guideline range and argued against any post-incarceration supervised release.  Defendant claimed she showed good progress generally but that her poor choices, which resulted in multiple supervised release violations, threatened to "blow up her life" and "put her back to square one."  The district court responded that it didn't "cut supervision early" unless "defendants are doing well," and "the people that are not doing well, they're the ones that need supervision."  The district court also stated that "right after something like this, is no time to ask that supervision be cut short."  The

2

government requested at least six months of incarceration and noted that, in deciding whether to grant Defendant's request to forgo supervised release, the district court should consider Defendant's history of violations, the danger she posed to the public, and her need for services that supervised release could facilitate.

Before imposing a sentence, the district court heard from Defendant, her parole officers, and two witnesses. Defendant objected to the witness testimony, but the district court found the testimony relevant to "matters pertaining to [Defendant's] request with regard to the length of supervision" and overruled the objection. The district court also reviewed the probation officer's report and a video showing Defendant's behavior after the vehicular accident. The district court found the video "horrif[ying]" and expressed deep concern about Defendant's "shocking" and "serious" misconduct.

The district court reviewed the factors set forth in 18 U.S.C. § 3553(a)(1)–(7). It found Defendant posed a risk to the community—based on the nature and history of her violations—and that the sentence provided adequate deterrent. The district court sentenced Defendant to nine months of incarceration followed by forty-two months of supervised release. No party objected after the district court announced or explained the sentence. Defendant appeals the term of supervised release.

## II.

"We review sentences for reasonableness under a deferential abuse of discretion standard." United States v. Haley, 529 F.3d 1308, 1311 (10th Cir. 2008) (citing Gall v. United States, 552 U.S. 38, 51 (2007)). Our reasonableness review can

encompass procedural complaints, substantive complaints, or both.  Id. (citing United States v. Smart, 518 F.3d 800, 803 (10th Cir. 2008)).

Defendant appeals her post-incarceration supervised release on the grounds that the district court failed to evaluate statutory factors and instead adopted and applied an unlawful categorical rule, refusing to consider the option of an incarceration-only sentence.  She asks us to remand the case to the district court "with instructions that it apply the § 3553(a) factors."  This is a procedural unreasonableness argument.  See Gall, 552 U.S. at 51.

The government argues Defendant forfeited her claim by not specifically objecting at sentencing to the district court's application of a categorical rule.  Rule 51(b) of the Federal Rules of Criminal Procedure provides that a defendant "may preserve a claim of error by informing the court—when the court ruling or order is made or sought—of the action the party wishes the court to take."  When a defendant argues for a sentence lower than what the district court later imposes, she preserves her objection to the district court's reasonableness.  Holguin-Hernandez v. United States, 589 U.S. 169, 174 (2020) (defendants need not "use any particular language" or "wait until the court issues its ruling").  Defendant argued against any supervised release, so she sufficiently preserved her procedural unreasonableness argument for purposes of this case.

A district court may impose post-incarceration supervised release after revoking a defendant's supervised release—but in so doing, it must consider factors from § 3553(a).[1]

---

[1] Section 3583(c) instructs district courts to consider certain factors from § 3553(a)—but omits the § 3553(a)(2)(A) factors.  Because Defendant does not argue

4

18 U.S.C. § 3583(c), (h). A district court's failure to consider these factors constitutes procedural unreasonableness. Haley, 529 F.3d at 1311 (citing Gall, 552 U.S. at 51). But a district court need only consider the factors as a whole and state its reasons for imposing the sentence. United States v. Kelley, 359 F.3d 1302, 1305 (10th Cir. 2004) (quoting United States v. Burdex, 100 F.3d 882, 886 (10th Cir. 1996) (not requiring "magic words" or individual analysis of each factor)).

The district court considered the § 3553(a) factors, accepted relevant testimony, and explained its reasoning based on the statutory factors. Even assuming the district court's words suggested it sometimes imposes supervised release categorically, it cleared up any confusion by explaining Defendant's case was "no time" to ask for an incarceration-only sentence. Indeed, contrary to Defendant's assertion, the record shows the district court did not apply a categorical rule but fulfilled its obligation to consider the statutory factors and state its reasons for imposing the sentence. Thus, the district court did not act in a procedurally unreasonable manner and did not abuse its discretion in imposing a post-incarceration term of supervised release.

AFFIRMED.

Entered for the Court

Joel M. Carson III
Circuit Judge

---

that the district court improperly considered extraneous factors, we need not answer whether a district court errs when it generally references the § 3553(a) factors without expressly invoking or omitting the § 3553(a)(2)(A) factors. See United States v. Booker, 63 F.4th 1254, 1262 (10th Cir. 2023) (quoting United States v. Douglas, 556 F. App'x 747, 749–51 (10th Cir. 2014)).