UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.

KIRK DARNELL TAYLOR,
    *Defendant-Appellant.*

No. 03-4413

Appeal from the United States District Court
for the Western District of Virginia, at Charlottesville.
James H. Michael, Jr., Senior District Judge.
(CR-94-42)

Submitted: October 10, 2003

Decided: October 27, 2003

Before WILLIAMS, MICHAEL, and MOTZ, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Frederick T. Heblich, Jr., Charlottesville, Virginia, for Appellant.
John L. Brownlee, United States Attorney, Jean B. Hudson, Assistant
United States Attorney, Charlottesville, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Kirk Darnell Taylor appeals the fifteen-month sentence imposed after the district court revoked his supervised release. Taylor asserts that the district court did not provide adequate notice of its intent to sentence him above the recommended guideline range and that his sentence is plainly unreasonable. We affirm.

Taylor contends that the district court was required to give him notice of its intention to depart from the recommended guideline range listed in Section 7B1.4 of the *U.S. Sentencing Guidelines Manual* (2002) and the grounds upon which such departure was based. But no such notice is required because "Chapter 7's policy statements are now and have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Davis*, 53 F.3d 638, 642 (4th Cir. 1995). *See also United States v. Shaw*, 180 F.3d 920, 922-23 (8th Cir. 1999) (collecting cases).

We also find that the district court did not abuse its discretion in imposing a fifteen-month sentence, although the sentence exceeds the three-to-nine-month sentence recommended in *U.S. Sentencing Guidelines Manual* Ch. 7 (2002). *See Davis*, 53 F.3d at 642. Taylor's violations of the terms of his supervised release provide ample support for the action of the district court, and Taylor's sentence is within the statutory maximum. *See* 18 U.S.C.A. § 3583(e)(3) (West 2000 & Supp. 2003).

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*