**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 06-4990**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TONYA RYANS,

Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Charleston. Patrick Michael Duffy, District Judge. (2:02-cr-01253)

_____

Submitted: July 6, 2007          Decided: August 15, 2007

_____

Before MOTZ and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

J. Robert Haley, Assistant Federal Public Defender, Charleston, South Carolina, for Appellant. Reginald Lloyd, United States Attorney, Rhett DeHart, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In July 2003, Appellant Tonya Ryans pled guilty to student loan fraud and was sentenced to sixteen months of incarceration with a period of two years of supervised release to follow. Ryans' supervised release commenced on February 4, 2005. On August 22, 2006, Ryans' probation officer filed a Petition for Warrant or Summons alleging various supervised release violations. A summons was issued requiring Ryans to appear before the magistrate judge on August 30, 2006. Ryans failed to appear and the court issued an Order for Bench Warrant. Ryans was arrested by the United States Marshals on September 1, 2006.

A violation report was prepared noting that Ryans faced a statutory term of imprisonment of not more than two years, an advisory guidelines range of three to nine months of imprisonment, and that "[t]here [were] no reasons for departure in this case." The report alleged five violations: (1) failure to pay restitution and an arrearage of $5,100; (2) failure to report to the probation office on August 14, 2006; (3) failure to notify and provide verification of employment; (4) failure to provide financial information as requested on two dates in August; and (5) failure to submit a monthly supervision report for June 2006.

On September 7, 2006, Ryans appeared for her supervised release revocation hearing. Although Ryans contested the alleged violations, the court found by a preponderance of the evidence and

beyond a reasonable doubt that she had violated the terms and conditions of her release and revoked that release. The court then departed from the recommended guideline range and sentenced Ryans to two years in prison. While the court did not provide prior notice of its intent to depart from the advisory guidelines range, Ryans did not object to the lack of notice at the hearing or in a post-hearing motion. Ryans timely appeals her sentence arguing that the district court erred by failing to provide notice of its intention to upwardly depart from the advisory guidelines sentencing range. Finding no error, we affirm.

Ryans contends on appeal that the district court erred by not providing her with notice that it was contemplating a sentence above the guidelines sentencing range of imprisonment. See Fed. R. Civ. P. 32(h). Because Ryans did not object, review on appeal is for plain error. Under the plain error standard, Ryans must show: (1) there was error; (2) the error was plain; and (3) the error affected her substantial rights. United States v. Olano, 507 U.S. 725, 732-34 (1993). Further, even if these conditions are satisfied, this court may exercise its discretion to notice the error only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. at 736 (internal quotation marks omitted). The burden of showing plain error is on the defendant. United States v. Strickland, 245 F.3d 368, 379-80 (4th Cir. 2001).

This court, post-<u>Booker</u>[*] has held that, pursuant to Rule 32(h), advance notice is required before a district court departs or varies from the advisory guideline range in sentencing a defendant after the original judgment of conviction. <u>United States v. Davenport</u>, 445 F.3d 366, 371 (4th Cir. 2006). The failure to give notice that the court intends to depart is plain error. <u>United States v. McClung</u>, 483 F.3d 273, 276 (4th Cir. 2007). However, this holding has not been extended to sentences imposed after revocation of supervised release, which is governed instead by Fed. R. Crim. P. 32.1.

Unlike Rule 32(h), Rule 32.1 contains no notice requirement in its express terms. Pre-<u>Booker</u>, courts agreed that no notice of intent to depart was required in revocation proceedings because the policy statements in Chapter 7 are merely advisory. See <u>United States v. Shaw</u>, 180 F.3d 920 (8th Cir. 1999); <u>United States v. McClanahan</u>, 136 F.3d 1146 (7th Cir. 1998); <u>United States v. Taylor</u>, 78 Fed. App'x 893 (4th Cir. 2003). Ryans contends that post-<u>Booker</u>, now that the sentencing guidelines and the Chapter 7 policy statements are both merely advisory, the need to distinguish between notice requirements in sentencing and revocation hearings has evaporated. Thus, she concludes, the court should engraft the notice requirement for sentencing departures to supervised release violations.

---

[*]<u>United States v. Booker</u>, 543 U.S. 220 (2005).

We disagree with Ryans' analysis. Ryans wholly ignores the fact that Rule 32.1 has not been amended post-<u>Booker</u> to include a notice requirement. In addition, Ryans points to no authority that supports her position. Ryans cites to <u>United States v. Davenport</u>, in which the court explained that post-<u>Booker</u>, Rule 32(h) still contained a notice requirement before sentencing hearings because "[t]here is essentially no limit on the number of potential factors that may warrant a departure or a variance, and neither the defendant nor the Government is in a position to guess when or on what grounds a district court might depart or vary from the guidelines." 445 F.3d at 371 (internal quotation marks omitted). This case is inapplicable to her argument because it discusses only Rule 32(h) in the post-<u>Booker</u> sentencing environment and does not purport to apply to Rule 32.1.

Moreover, Ryans' twenty-four month sentence falls within the range authorized by statute and is reviewable only to determine if it is "plainly unreasonable" with regard to those 18 U.S.C. § 3553(a)(2000) factors applicable to supervised release revocation sentences. <u>United States v. Crudup</u>, 461 F.3d 433, 437 (4th Cir. 2006). As purely advisory policy statements, the sentencing ranges provided by USSG § 7B1.4, have never bound the sentencing court. <u>See</u> <u>United States v. Davis</u>, 53 F.3d 638, 640 n.6, 642 (4th Cir. 1995). This court grants broad authority to the district court to revoke its previous sentence and impose a term of imprisonment up

to the statutory maximum. Crudup, 461 F.3d at 440 (citing United States v. Lewis, 424 F.3d 239, 244 (2d Cir. 2005)).

Here, while Ryans was sentenced over the guidelines range, her sentence did not exceed the statutory maximum of two years. The district court more than adequately provided its reasoning for the sentence, stating that it had "examined this case very carefully, including the Defendant's behavior, the Guidelines that are in effect, and the statutory factors under Section 3553(a)." The district court stated that the Government's request was insufficient to address punishment or the "Defendant's problems and needs," including the need to be treated for mental health problems and personality disorders which had been previously diagnosed. The court outlined her "totally" noncompliant behavior while on supervision, the seriousness of the offense and her "whitewash[ing]" of it, her lack of respect for the law and total disdain for the judicial process, and the need for adequate deterrence of criminal conduct. Ryans concedes that there was overwhelming evidence supporting the court's grounds for its sentence. We conclude that no notice was required prior to the upward departure from the advisory guidelines sentencing range and that Ryans' sentence was not plainly unreasonable. Accordingly, we affirm Ryans' sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the

materials before the court and argument would not aid the decisional process.

AFFIRMED