**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 15-4367**

_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

LONNIE HAMES, JR.,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:95-cr-00178-MOC-8)

_____

Submitted:  March 29, 2016          Decided:  March 31, 2016

_____

Before GREGORY and DUNCAN, Circuit Judges, and DAVIS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Roderick G. Davis, LAW OFFICE OF RODERICK G. DAVIS, PLLC, Charlotte, North Carolina, for Appellant.  Jill Westmoreland Rose, United States Attorney, Anthony J. Enright, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lonnie Hames, Jr., appeals from the 22-month sentence imposed upon revocation of his supervised release. On appeal, Hames contends that the sentence imposed is procedurally and substantively unreasonable and that the district court erred by imposing an upward departure sentence without having given prior notice of the intent to depart. Finding no error, plain or otherwise, we affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013). We will affirm a revocation sentence if it is within the statutory maximum and not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). We first consider whether the sentence is procedurally or substantively unreasonable, employing the same general considerations applied during review of original sentences. Id. at 438. In this initial inquiry, we "take[ ] a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for [G]uidelines sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (internal quotation marks omitted). If we find the sentence unreasonable, we must then determine whether it is "plainly" so. Id. at 657.

2

A supervised release revocation sentence is procedurally reasonable if the district court considered the Chapter 7 policy statements in the Sentencing Guidelines and the 18 U.S.C. § 3553(a) (2012) factors applicable in the supervised release revocation context, see 18 U.S.C. § 3583(e) (2012); Crudup, 461 F.3d at 439, and provided sufficient explanation for the sentence imposed, see United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). The district court's explanation "need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence." Id.

Hames contends that the district court failed to adequately consider and apply the sentencing factors in determining his sentence and failed to provide a sufficient explanation for the upward variant sentence it imposed. We reject both of these contentions.

First, our review of the record leads us to conclude that the district court sufficiently considered the applicable policy statements as well as the sentencing factors. The court noted the policy statement recommendation of an 8-to 14-month sentence and, addressing the relevant factors, the court emphasized two factors in particular: the need to "protect the public from further crimes of the defendant" and the need to "afford adequate deterrence." 18 U.S.C. §§ 3553(a)(2)(B), (C); 3583(a)(1). Additionally, the court noted that this was Hames' third violation of supervised

3

release and concluded that an upward variant sentence was necessary to protect the public and to provide deterrence, in light of Hames' repeated violations.

Nor do we find any procedural error in the district court's justification for the upward variance imposed. The court's statements prior to sentencing Hames reflect its view that a sentence within the calculated policy statement range would be insufficient given the facts and circumstances of this case, which established Hames' repeated failures to comply with the requirements of his supervision. We further conclude that the court's explanation for the selected sentence is sufficient.

Although Hames contends that the court failed to give required notice that it would impose a sentence above the policy statement range, such notice is not required, United States v. Ryans, 237 F. App'x 791, 794 (4th Cir. 2007); see Irizarry v. United States, 553 U.S. 708, 716 (2008) (holding that notice requirement of Fed. R. Crim. P. 32(h) is not applicable to variances above advisory Guidelines ranges). Additionally, although not required, the court had provided Hames with notice when, during a prior revocation proceeding, it warned him that an upward departure would be imposed if he committed another Class C violation of the terms of his supervision.

We have reviewed the record and conclude that Hames' sentence is within the statutory maximum and that the district court

4

adequately explained the reasons for the upward departure sentence. We therefore conclude that the sentence imposed was not plainly unreasonable. <u>See</u> <u>Crudup</u>, 461 F.3d at 439-40. Accordingly, we affirm the revocation judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

5