

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-5-2006

# USA v. Serrano

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2347

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Serrano" (2006). *2006 Decisions.* Paper 1313.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1313

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

––––––––––

No. 05-2347

––––––––––

UNITED STATES OF AMERICA

v.

DAVID SERRANO,

Appellant

––––––––––

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court No. 90-cr-00431-34
District Judge:  Hon. Jan E. DuBois

––––––––––

Submitted under Third Circuit LAR 34.1(a) on January 12, 2006

Before:  ROTH, FUENTES and ROSENN*, Circuit Judges

(Opinion Filed:  April 5, 2006)

––––––––––

O P I N I O N

––––––––––

–––––––––––

*This case was submitted to the panel of Judges Roth, Fuentes and Rosenn.  Judge Rosenn died after submissions, but before the filing of the opinion.  The decision is filed by a quorum of the panel.  28 U.S.C. § 46(d).

**ROTH,** Circuit Judge:

The United States Probation Office filed two petitions for Violations of Supervised Release against David Serrano on April 9, 2001, and April 6, 2005.[1]  Given that Serrano's original criminal history category was III and he was convicted of a Class A felony,[2] the advisory sentencing guideline range for Revocation of Supervised Release was 30-37 months.  See U.S.S.G. § 7B1.4(a).  On April 15, 2005, the District Court revoked the supervised release and sentenced Serrano to 48 months incarceration.  Serrano filed a timely appeal to this Court seeking a remand for re-sentencing.   In support of his appeal, Serrano claims that the District Court (1) failed to provide advance notice of its intention to depart upwards from the sentencing guideline range applicable to Revocation of Supervised Release and (2) failed to articulate its basis for the upward departure.  For the reasons stated below, we will affirm the District Court's judgment of sentence.

---

[1] The first Petition was for a Grade "C" violation and the second Petition was for a Grade "A" violation.  See  U.S.S.G. §7B1.1 (classifying supervised release violations). The first Petition was filed on April 9, 2001, as a result of Serrano being in possession of a cup of beer and then eloping from the Community Correction Center without authority. The second Petition was filed on April 6, 2005, as a result of Serrano's admitted drug dealing activity.  The government withdrew a third Petition as a result of a jury acquittal of the underlying charges.

[2] Serrano was charged with conspiracy to distribute cocaine and cocaine base ("crack"), in violation of 21 U.S.C. § 846, and other violations.  On March 27, 1991, Serrano pled guilty to the conspiracy charge.  On January 4, 1993, the District Court imposed a sentence of 117 months imprisonment, followed by five years supervised release.

# I.

The District Court had jurisdiction under 18 U.S.C. § 3231.  We have jurisdiction

in accordance with 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

# II.

Serrano's first issue on appeal is that the District Court's failure to provide

advance notice of its intention to depart upwards from the sentencing guideline range

applicable to Revocation of Supervised Release justifies a remand for re-sentencing.

Where, as here, a defendant "failed to object to a purported error before the

sentencing court," we review the District Court's interpretation of law for plain error.

United States v. Couch, 291 F.3d 251, 252-53 (3d Cir. 2002) (quoting United States v.

Knight, 266 F.3d 203, 206 (3d Cir. 2001)).  Revocation of Supervised Release

proceedings are subject to Fed. R. Crim. P. 32.1(b)(2) which does not expressly or

implicitly require advance notice of the sentencing court's intention to depart upwards.[3]

---

[3] Serrano relies on FED. R. CRIM. P. 32(h) which states: "Before the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such departure."  Rule 32.1(b)(2), in contrast to Rule 32(h), does not require this advanced notice because the sentencing guideline provisions for violations of supervised release, under U.S.S.G. § 7B1.4(a), are merely policy statements which never have been considered mandatory.  See United States v. Schwegel, 126 F.3d 551, 552 (3d Cir. 1997).  Rule 32(h) remains in full force notwithstanding that, under United States v. Booker, 543 U.S. 220 (2005), all sentencing guidelines must be considered advisory, rather than mandatory.  Thus, although notice would be required if this case involved a departure from a guideline range for purposes of initial sentencing, this is not such a departure.  See Burns v. United States, 501 U.S. 129, 138 (1991).

Therefore, we conclude that the District Court was not required to notify Serrano of its intent to impose a sentence that exceeded the range recommended under U.S.S.G. § 7B1.4(a).

**III.**

Serrano's second issue on appeal is that the District Court failed to articulate its basis for the upward departure, therefore justifying a remand for re-sentencing.

We review a District Court's decision to exceed the sentencing range prescribed by U.S.S.G. § 7B1.4(a) for abuse of discretion. United States v. Schwegel, 126 F.3d 551, 555 (3d Cir. 1997); see also United States v. Blackston, 940 F.2d 877, 894 (3d Cir. 1991) (noting that under such a standard we will only disturb a sentence if it is "plainly unreasonable"). When a court imposes a sentence in accordance with Revocation of Supervised Release proceedings, it must *"consider"* the sentencing range under U.S.S.G. § 7B1.4(a), as well as "state on the record its *general* reasons under [18 U.S.C.] section 3553(a)... for imposing a more stringent sentence." Blackston, 940 F.2d at 893-94; see also 18 U.S.C. § 3553(a)(5), (c). Additional factors a court must consider include: "(1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need to afford adequate deterrence to criminal conduct; (4) the need to protect the public from further crimes of the defendant; and (5) the need to provide the defendant with appropriate treatment." Blackston, 940 F.2d at 893-94 (3d Cir. 1991); see also 18 U.S.C. § 3553(a); see also 18 U.S.C. § 3583(e).

We agree that the District Court did not abuse its discretion when the sentence it

4

imposed upon Serrano exceeded the sentencing range suggested under U.S.S.G. § 7B1.4(a). The record shows that the District Court explicitly acknowledged the advisory guideline range, as well as the appropriate statutory factors for consideration. The sentence imposed was particularly warranted given the numerous occasions on which Serrano appeared before the District Court and the variety of failed drug rehabilitation opportunities afforded him since he was indicted for conspiracy to distribute cocaine and cocaine base and other related charges in the early 1990's.

## IV.

For the reasons stated, we will affirm the judgment of sentence.