**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 5, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

BOBBY REDCAP,

Defendant-Appellant.

No. 07-4068

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**
**(D.C. NO. 2:97-CR-235-004-JTG)**

---

SUBMITTED ON THE BRIEFS:[*]

Jeremy M. Delicino, Salt Lake City, Utah, for Defendant-Appellant.

Brett L. Tolman, United States Attorney, and Elizabethanne C. Stevens, Assistant United States Attorney, District of Utah, Salt Lake City, Utah, for Plaintiff-Appellee.

---

Before **KELLY**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

---

**MURPHY**, Circuit Judge.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is, therefore, ordered submitted without oral argument.

Bobby Redcap appeals his thirteen-month sentence imposed for violating the terms of his supervised release. Redcap contends the district court committed error by failing to give prior notice of its intention to impose a sentence in excess of that recommended by the policy statement in Chapter 7 of the United States Sentencing Guidelines ("Chapter 7"). Exercising jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), this court **affirms**.

In 1997, Redcap was sentenced to 120 months' imprisonment and thirty-six months' supervised release following his plea to voluntary manslaughter. After release from prison, Redcap admitted consuming alcohol in violation of his conditions of supervised release. Based on Redcap's criminal history of Category II and the Class C violation, the Chapter 7 policy statement recommended a term of imprisonment ranging from four to ten months. The district court revoked Redcap's supervised release and sentenced him to thirteen months in prison and eleven months' supervised release. Redcap objected to the sentence because the district court had not given prior notice of its intention to "depart."[1] Redcap filed a timely notice of appeal from the sentence.

---

[1]Redcap improperly uses the term "depart" to refer to a sentence exceeding the recommended sentence in the policy statement. As we stated in *United States v. Burdex*, "[a] sentence in excess of the Chapter 7 range is not a 'departure' from a binding guideline." 100 F.3d 882, 885 (10th Cir. 1996).

In reviewing the district court's application of the Sentencing Guidelines, this court reviews factual findings for clear error and legal determinations de novo. *United States v. Davis*, 151 F.3d 1304, 1308 (10th Cir. 1998). Redcap's argument is foreclosed by our precedent in *United States v. Burdex*, 100 F.3d 882, 885 (10th Cir. 1996). This court has held a sentencing court is under no obligation to give notice before imposing a sentence in excess of the Chapter 7 sentence range. *Id.*; *see also Davis*, 151 F.3d at 1308 (holding *Burdex* foreclosed argument that Chapter 7 "departures" require notice).

Redcap asks this court to reconsider *Burdex* in light of our recent holding that notice is required for variances under the now-advisory sentencing guidelines. *See United States v. Atencio*, 476 F.3d 1099, 1104 (10th Cir. 2007) (holding this court will continue to apply Rule 32(h) and *Burns v. United States*, 501 U.S. 129 (1991), notice requirements to post-*Booker* sentencing variances). He argues there is no principled distinction between a sentencing range under the now-advisory guidelines and one under Chapter 7.

*Atencio* does not affect our holding in *Burdex*. This court recognizes that the rationale underlying *Burdex*, i.e. notice is not required because Chapter 7 is advisory, is somewhat in tension with our holding in *Atencio*. Neither the language nor the logic of *Atencio*, however, supports the conclusion that notice is now required under Chapter 7. *Atencio* focused on the viability of the notice requirement under Rule 32(h) of the Federal Rules of Criminal Procedure for

variances from the once-mandatory sentencing guidelines. 476 F.3d at 1102–04. The ruling merely harmonized pre-*Booker* notice requirements under *Burns* and Rule 32(h) with post-*Booker* sentencing. *Id.*

The constitutional infirmity *Booker* sought to remedy was the process of basing sentences on judge-found facts by a preponderance of evidence rather than jury determinations beyond a reasonable doubt. *United States v. Booker*, 543 U.S. 220, 243–44 (2005). To remedy this violation of the Sixth Amendment, the Court made the once-mandatory sentencing guidelines advisory. *Id.* at 245–46. The United States Sentencing Commission, however, never created "guidelines" for revocation of supervised release. It chose instead "to promulgate policy statements only" to give courts "greater flexibility" in devising revocation sentences. U.S. Sentencing Guidelines Manual ch. 7, pt. A, introductory cmts. 1, 3(a) (2006). Because there are no guidelines for violating a condition of supervised release, the court in *Atencio* did not have occasion to address the policy statements promulgated by the United States Sentencing Commission.

Although the once-mandatory guidelines may now appear more like policy statements, our jurisprudence post-*Booker* continues to recognize differences between initial sentencing and revocation of supervised release. Unlike initial sentencing, the Sixth Amendment does not apply to revocation of supervised release. Supervised release is "part of the penalty for the initial offense," *Johnson v. United States*, 529 U.S. 694, 700 (2000), and once the initial sentence

is imposed "further proceedings with respect to that sentence [are not] subject to Sixth Amendment protections." *United States v. Cordova*, 461 F.3d 1184, 1186 (10th Cir. 2006) (quotation omitted).  The Supreme Court has explained in the context of a parole revocation that the process "is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply." *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972).

Redcap argues that failure to provide notice in the context of supervised release is inconsistent with Rule 32's aim of promoting a focused and adversarial resolution of legal and factual issues relevant to fixing sentences.  However, this court has explicitly differentiated between an initial sentence and revocation of supervised release on this point.  "Given a prior conviction and the proper imposition of conditions on the term of supervised release, when a defendant fails to abide by those conditions the government is not then put to the burden of an adversarial criminal trial." *Cordova*, 461 F.3d at 1187 (quotation omitted).

Further, our rejection of Redcap's argument is supported by the language of the Federal Rules of Criminal Procedure.  Revocation of supervised released is primarily governed by Rule 32.1 which, in contrast to Rule 32(h), does not contain a notice requirement.  Our precedent is clear and we have consistently held notice is not required for sentences imposed outside of the Chapter 7 suggested range when a district court revokes a defendant's supervised release.

This panel has no power to overrule *Burdex*. *See In re Smith*, 10 F.3d 723, 724 (10th Cir. 1993) (per curiam).

Redcap's argument, therefore, must fail and we **affirm** the district court.