NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0029n.06

No  07-2460

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Jan 19, 2010**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | ON APPEAL FROM THE |
| *Plaintiff-Appellee*, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| v. | ) | DISTRICT OF MICHIGAN |
| | ) | |
| **KELLY DAWE**, | ) | **O P I N I O N** |
| | ) | |
| *Defendant-Appellant*. | ) | |
| | ) | |

BEFORE:     MARTIN, BOGGS, and COLE, Circuit Judges.

**COLE, Circuit Judge.**  Defendant-appellant Kelly Dawe appeals her forty-two-month sentence for violating the conditions of her probation.  Dawe argues that the sentence must be vacated because the district court did not comply with the notice requirement of Federal Rule of Criminal Procedure 32(h) and because of due process concerns.  She also argues that the court's failure at her sentencing hearing to calculate correctly the applicable sentencing range under the United States Sentencing Guidelines renders the sentence procedurally unreasonable.  For the following reasons, we **VACATE** the sentence and **REMAND** the case to the district court for resentencing.

**I. BACKGROUND**

On August 16, 2005, Dawe signed a plea agreement for Conspiracy to Possess with the Intent to Distribute and Distribution of Cocaine and Cocaine Base, 21 U.S.C. §§ 841(a)(1), 846.  At her

sentencing hearing on November 7, 2005, the district court determined that the recommended

sentencing range under the United States Sentencing Guidelines ("Guidelines" or "USSG") was

forty-six to fifty-seven months. Following the Government's oral motion for a downward departure

under USSG § 5K1.1 for substantial assistance, the court sentenced Dawe to three years of probation,

with the first nine months to be spent in a corrections center. On November 2, 2006, following

Dawe's testing positive for cocaine, the court modified the sentence to include an additional period

of residence in the corrections center of up to 180 days. On September 24, 2007, the Eastern District

of Michigan Probation Department issued a report to the district court that alleged Dawe had violated

several conditions of her probation—including failing to report to her probation officer, testing

positive for drugs, and failing to participate in a substance abuse program—and requested that a

warrant be issued for her arrest. The district court issued the warrant on October 7, and Dawe was

arrested on October 25.

At a hearing before the district court on November 8, Dawe pled guilty to violating the

conditions of her probation.[1] Her attorney acknowledged that she had a substance abuse problem

and urged the court to include mandatory treatment in its sentence. The government also requested

that Dawe be put into a treatment program, stating "[t]his is a critical point in [Dawe's] life. She is

young. She is salvageable." (Sentencing Tr. 9.) The district court sentenced Dawe to a term of

forty-two months' imprisonment. As the adequacy of the court's explanation for this sentence is

---

[1] At the hearing, the district court and both parties erroneously referred to Dawe's offense as violating the conditions of her supervised release. Similarly, the district court's sentencing opinion incorrectly refers to Dawe's supervised release violations. Before this Court, however, both parties correctly identify Dawe's offense as violating the conditions of her probation.

central to the procedural reasonableness (or lack thereof) of Dawe's sentence, we include the court's

announced rationale in its entirety:

> It occurs to the Court that this defendant pled guilty originally to conspiracy to distribute cocaine and crack cocaine. That carried a mandatory minimum sentence of five years and a maximum of forty years. She pled guilty to a Rule Eleven Plea Agreement with a guideline range of 46 to 57 months and with substantial assistance the government recommended a range of 12 to 24 months.
>
> The government did, in fact, make a motion pursuant to 5K1.1 because of her substantial assistance in this case and at sentencing the Court deviated from that. Instead of giving the defendant prison time within the range of 12 to 24 months, the Court placed this defendant on probation, three years probation with drug treatment and testing. And obviously that has not worked.
>
> The original total offense level was 21 with a category of one. That came out to a guideline of 37 to 46 months. And, again, the Court deviated from that and sentenced this defendant to probation. Obviously it did not work.
>
> Based on my understanding of this case it's going to be the sentence of the Court that, first of all, supervised release of this defendant be terminated. The defendant is going to be turned over to the Bureau of Prisons and confined for a period of 42 months. That is basically the midpoint of her prior guideline range of 37 to 46 months.

(*Id.* at 10-11.) At no point during the hearing did the court mention the applicable Guidelines range

of three to nine months for Dawe's probation violations. *See* USSG § 7B1.4 (listing terms of

imprisonment advised following violation and revocation of probation). Nor did it explain, beyond

stating that the probationary sentence "obviously had not worked," its rationale for assigning a non-

Guidelines sentence. (Sentencing Tr. at 10-11) The court concluded the hearing by asking whether

there was anything further either counsel wished to place on the record, and both counsel declined.

On November 15, 2005, the court issued a Sentencing Opinion that "explains why" the forty-

two-month sentence was warranted. The court noted that the sentence range recommended for

Dawe's probation violations under USSG § 7B1.4 was a term of three to nine months. The court

found "particularly relevant," however, Application Note Four to § 7B1.4, which states that "[w]here the original sentence was the result of a downward departure (e.g., as a reward for substantial assistance) . . . that resulted in a sentence below the guideline range applicable to the defendant's underlying conduct, an upward departure may be warranted." The court then articulated the rationale for its sentencing determination under the rubric of the 18 U.S.C. § 3553(a) factors, pointing to the significant downward departure Dawe originally had been granted; her subsequent repeated probation violations; the seriousness of these violations; her "complete disregard" for the probation department and the judicial officers who had attempted to give her a second chance; her "lack of respect" for the law; the demonstrated inability of a minimal sentence to deter her from engaging in criminal conduct; the likelihood that she would return to drug dealing to support her drug habit, thereby posing a danger to herself and others; and the need to avoid unwarranted sentencing disparities by taking into account the Guidelines range applicable to her original conviction. Given these considerations and in light of Application Note Four, the court concluded that the appropriate sentence was forty-two months.

Dawe filed a timely notice of appeal on November 20, 2007. This court has jurisdiction over Dawe's appeal pursuant to 28 U.S.C. § 1291.

## II. DISCUSSION

Dawe argues that her sentence must be vacated due to the district court's failure to comply with Federal Rule of Criminal Procedure 32(h) ("Rule 32(h)"), which states, in relevant part, that "[b]efore the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give

the parties reasonable notice that it is contemplating such a departure." Fed. R. Crim. P. 32(h). This Court has never decided whether Rule 32(h)'s notice requirement extends to sentences for revocation of probation or supervised release, which are generally governed by Federal Rule of Criminal Procedure 32.1. Circuits that have considered this question universally have held, under varying rationales, that Rule 32(h)'s notice requirement does not extend to such sentences. *See United States v. Gonzalez*, 275 F. App'x 378, 378 (5th Cir. 2008); *United States v. Redcap*, 505 F.3d 1321, 1322-23 (10th Cir. 2007); *United States v. Ryan*, 237 F. App'x 791, 793 (4th Cir. 2007); *United States v. Leonard*, 483 F.3d 635, 638-39 (9th Cir. 2007); *United States v. Serrano*, 174 F. App'x 107, 109 & n.3 (3d Cir. 2006); *see also United States v. Shaw*, 180 F.3d 920, 922-23 (8th Cir. 1999) (listing cases prior to *United States v. Booker*, 543 U.S. 220 (2005), and codification of notice requirement in Rule 32(h)). We need not reach this question, however, as we find Dawe's sentence procedurally unreasonable.

Dawe was not given adequate opportunity to object to the reasonableness of her sentence before the district court. "[A]fter pronouncing the defendant's sentence but before adjourning the sentencing hearing," the district court must ask whether the parties have any objections to the sentence; if the parties are not provided this opportunity, "they will not have forfeited their objections." *United States v. Bostic*, 371 F.3d 865, 872 (6th Cir. 2004). In this case, at the conclusion of the hearing, the district court asked, "[i]s there anything further either counsel wish to place on the record in this matter?" This general question does not satisfy the *Bostic* requirement. *See United States v. Thomas*, 498 F.3d 336, 340 (6th Cir. 2007) (holding that *Bostic* was not satisfied when court asked counsel "[d]o you have anything further for the record?"). Accordingly, we review

Dawe's sentence, not for plain error, but instead "'under a deferential abuse-of-discretion standard' for reasonableness." *United States v. Lalonde*, 509 F.3d 750, 769 (6th Cir. 2007) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). Under this standard, the Court conducts "a robust review of the factors evaluated and the procedures employed by the district court in reaching its sentencing determination." *United States v. Bolds*, 511 F.3d 568, 578-79 (6th Cir. 2007) (internal quotation marks and citation omitted).

Dawe argues that the court's failure at her sentencing hearing to calculate correctly the applicable sentencing range rendered her sentence procedurally unreasonable. The district court, at the time of sentencing, must state in open court the reasons for its imposition of a particular sentence. 18 U.S.C. § 3553(c). "The district court must also acknowledge the defendant's applicable Guideline range." *United States v. Johnson*, Nos. 08-5890, 08-5891, slip op. at 14 (6th Cir. 2009) (citing *United States v. Blackie*, 548 F.3d 395, 400 (6th Cir. 2008)) (internal quotation marks omitted). This requirement is more than a mere formality: it exists to "assure that the court has properly calculated the applicable Guidelines range, and that adequate explanation is provided to allow for meaningful appellate review and the perception of a fair sentence." *Blackie*, 548 F.3d at 401 (citing *Gall*, 552 U.S. at 50-51). Here, the court failed to state in open court the applicable Guidelines range of three to nine months; instead, the court referred to only the Guidelines range applicable to Dawe's original conviction, incorrectly stating it was 37 to 46 months. This omission precludes meaningful appellate review of whether the court properly calculated the applicable Guidelines range and constitutes an abuse of discretion on the part of the district court. *Cf. id.* at

400-01 ("A sentence imposed without complying with the requirements of § 3553(c) constitutes [plain] error.").

Nor did the district court explain at the hearing the rationale for its imposition of a non-Guidelines sentence. If the court decides a non-Guidelines sentence is warranted, it must state, "in open court . . . the specific reason for the imposition of a sentence different from that described [in the Guidelines], which reasons must also be stated with specificity in the written order of judgment and commitment." 18 U.S.C. § 3553(c); *see also United States v. Kincaid*, 959 F.2d 54, 55 (6th Cir. 1992) (noting that the open court requirement "ensures that a defendant at the time of sentencing will know the grounds for an upward departure" and is not satisfied by a "belated attempt . . . to correct [a] failure to provide a specific statement at the sentencing hearing" in a subsequently issued opinion). The court's Sentencing Opinion listed in detail the reasons for its non-Guidelines sentence, including the guidance in Application Note Four to § 7B1.4 of the Guidelines and a litany of considerations under 18 U.S.C. § 3553(a). At the sentencing hearing, however, the court did not mention any of these reasons for disagreeing with the applicable Guidelines range, instead vaguely stating only that the probationary sentence "obviously had not worked." This failure constitutes an abuse of discretion on the part of the district court. *See Bolds*, 511 F.3d at 579 (a district court "necessarily abuses its sentencing discretion if it 'commit[s] [a] significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range . . . or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range'") (quoting *Gall*, 552 U.S. at 51); *see also United States v. Manning*, 317 F. App'x 517, 522 (6th Cir. 2009) ("'Even though . . . the policy statements contained in Chapter Seven of the

Sentencing Guidelines are merely advisory, a court still must consider them prior to imposing a sentence for revocation of supervised release.'") (quoting *United States v. Carr*, 421 F.3d 425, 431 (6th Cir. 2005)).

## V. CONCLUSION

For the foregoing reasons, we **VACATE** Dawe's sentence and **REMAND** the case to the district court for resentencing.