NOT RECOMMENDED FOR PUBLICATION
File Name: 13a0315n.06

No. 11-4151

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Mar 29, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee | ) | |
| | ) | |
| v. | ) | **ON APPEAL** FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| TIMOTHY BAKER, | ) | NORTHERN DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellant | ) | |
| | ) | |
| | ) | |

BEFORE:    MERRITT, CLAY, and GRIFFIN, Circuit Judges.

**MERRITT, Circuit Judge.**  In this criminal case, the defendant appeals his sentence of two years' imprisonment for violations of supervised release.  For the reasons set forth below, we find the sentence reasonable and affirm the district court's judgment.

## I. Facts

In 2008, Timothy Baker began serving a ten-month sentence followed by three years of supervised release for unlawful access to stored communications.  While on supervised release, William Decker gave Baker a second chance.  Decker employed Baker at his kitchen cabinet company as an internet salesman.  Customers could order the cabinets directly from the company's website or over the phone.  The phone sales garnered commissions; the self-orders did not.

Decker testified that a few weeks after Baker started working for him, the number of self-orders dramatically decreased and the number of commissions credited to Baker for phone sales rose significantly.  Decker stated that he soon learned that Baker had configured the computer system to drive all the self-orders to himself in order to profit from the commissions and had additionally pocketed $650 dollars from the company.

Baker was arrested for violating his supervised release based on this theft as well as for failure to submit monthly reports and failure to pay restitution in a timely manner.  Baker only contested the theft and pleaded guilty to the other violations.  At sentencing, based largely on Decker's testimony, the judge found that Baker committed the theft by a preponderance of the evidence.  Baker faced a guidelines range of 5 to 11 months and a statutory maximum of two years.  The judge sentenced Baker to two years.

## A. Sentencing

At the sentencing hearing, the judge spoke extensively about the nature of the theft and his particular frustration with Baker for taking advantage of a "good samaritan."  Sent. Tr. at 44.  The judge stated, "It is the mindset that troubles me and failure to have learned the lesson that troubles me, and it's the use of a computer.  It's the taking advantage that troubles me."  *Id.* at 31.

Baker's attorney argued for a lesser sentence, stating that Baker had a drug habit and suffered from Attention Deficit Hyperactivity Disorder.  Baker also addressed the judge.  He told the judge that he was "strung out on pills" and was sorry for his betrayal of trust.  *Id*. at 40.

The judge, focusing on the intent and deliberation involved, laid out in detail his reasons for sentencing Baker to the statutory maximum of 2 years. He mentioned Baker's previous criminal history, the need to protect the public, the seriousness of the crime, and deterrence.

Baker timely filed this appeal, arguing that his sentence is both procedurally and substantively unreasonable.

## II. Analysis

### A. Procedural Unreasonableness

Generally, this Court reviews a sentence for reasonableness under an abuse of discretion standard. *United States v. Bolds*, 511 F.3d 568, 578 (6th Cir. 2007). If, however, the district court conducted a *Bostic* inquiry and the defendant failed to object to the procedural reasonableness of the sentence, plain error review applies. *United States v. Davy*, 433 F. App'x 343, 347 (6th Cir. 2011). Under the plain error standard, the defendant must prove (1) the district court erred, (2) the error was plain, (3) the error affected substantial rights, and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Olano*, 507 U.S. 725, 732 (1993). Baker did not object at the sentencing hearing and both parties agree that plain error review applies.

Baker argues that his sentence is procedurally unreasonable for two reasons. First, he argues that in imposing the two-year sentence, the judge departed rather than varied from the guidelines range without giving the requisite notice associated with a departure. Second, Baker asserts that the judge was required to address each mitigating factor put forth by the defendant and that his failure to mention Baker's drug abuse rendered the sentence procedurally unreasonable.

A departure results from the district court's application of a particular guidelines provision, and a variance refers to the selection of a sentence outside of the advisory range based upon the § 3553(a) factors. *United States v. Grams*, 566 F.3d 683, 686-87 (6th Cir. 2009). The sentencing transcript makes clear that the judge did not reference any guidelines provisions, but instead recited a variety of reasons based on Baker's history and characteristics and the nature of the crime as to why he was deviating upward from the advisory guideline range. The judge based the sentence on the § 3553(a) factors and therefore, although he did not explicitly categorize it in this way, he varied upward. Although it behooves a district court to indicate clearly whether it is departing or varying, a sentence is not per se procedurally unreasonable if the district court fails to specify this distinction. *United States v. Denny*, 653 F.3d 415, 419 (6th Cir. 2011); *United States v. Herrera-Zuniga*, 571 F.3d 568, 586 (6th Cir. 2009). Moreover, even if the judge departed rather than varied, the procedural reasonableness argument would still fail because the notice requirement associated with a departure under Fed. R. Crim. P. 32(h) does not apply to a probationary setting such as a revocation of supervised release. *See United States v. Dawe*, 362 F. App'x 436, 438 (6th Cir. 2010) ("Circuits that have considered this question universally have held, under varying rationales, that Rule 32(h)'s notice requirement does not extend to such sentences."); *see also, e.g., United States v. Gonzalez*, 275 F. App'x 378 (5th Cir. 2008); *United States v. Ryans*, 237 F. App'x 791 (4th Cir. 2007); *United States v. Redcap*, 505 F.3d 1321 (10th Cir. 2007).

Further, the judge's failure to specifically reference Baker's drug abuse does not make his sentence procedurally unreasonable. The judge did not impose the sentence without providing detailed reasoning for imposing the statutory maximum. *Cf. United States v. Thomas*, 498 F.3d 336

(6th Cir. 2007). In *United States v. Gunter*, 620 F.3d 642, 646 (6th Cir. 2010), we adopted a functional approach to examining the reasonableness of a sentence, concluding that a judge need not give a formulaic point-by-point discussion of each and every mitigation argument. Rather, we must look to the entirety of the sentencing transcript and determine whether the district court conducted a meaningful sentencing hearing and truly considered the defendant's arguments. *Id*.

Here, the district court spent a significant amount of time outlining the nature of Baker's violations, focusing on his intent, deliberation, and betrayal of trust. The judge carefully considered Baker's previous criminal history, his education and background, and the need to protect the public from Baker's criminal proclivities. Although the judge did not specifically mention the drug abuse, the sentencing hearing was nonetheless meaningful and considerate of a variety of factors. Under the plain error standard, the sentence was appropriate.

## B. Substantive Unreasonableness

This court reviews substantive reasonableness for an abuse of discretion. *United States v. Richards*, 659 F.3d 527, 549 (6th Cir. 2011). District courts have wide discretion in fashioning sentences. *United States v. Guthrie*, 557 F.3d 243, 256 (6th Cir. 2009). A sentencing judge is not required to recite verbatim the statutory sentencing factors. *United States v. Jeross*, 521 F.3d 562, 583 (6th Cir. 2008). A sentence may be substantively unreasonable if the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors, or gives an unreasonable amount of weight to any pertinent factor. *United States v. Vowell*, 516 F.3d 503, 510 (6th Cir. 2008). In evaluating substantive unreasonableness, the court looks to the totality of the circumstances, including the extent of any variance from the guidelines range.

*United States v. Christman*, 607 F.3d 1110, 1118 (6th Cir. 2010) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)).

The judge here was well within his discretion to impose the statutory maximum. He had to confront an individual who had come before him just a few years earlier for a computer-based crime and now had reoffended on supervised release by again using a computer to steal from a man who tried to give him a second chance. The judge, clearly troubled by this offense, correctly calculated the guidelines range and adequately explained his reasons for the upward deviation. The judge sufficiently detailed the § 3553(a) factors and did not abuse his discretion in imposing the sentence.

### III. Conclusion

Baker's sentence is both procedurally and substantively reasonable. Accordingly, the judgment of the district court is affirmed.