**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff–Appellee,

v.

NICHOLAS D. JEFFCOAT, a/k/a Tony Mac,

      Defendant–Appellant.

No. 13-1238
(D.C. No. 1:04-CR-00361-LTB-2)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

Nicholas Jeffcoat appeals the district court's order revoking his supervised release

and imposing twenty-four months' imprisonment. His counsel moves for leave to

---

[*] After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the determination
of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed.
R. App. P. 32.1 and 10th Cir. R. 32.1.

withdraw in a brief filed pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967). Jeffcoat did not file a response to the <u>Anders</u> brief but argues for reversal in a pro se appellate brief filed before the <u>Anders</u> brief. Exercising jurisdiction under 28 U.S.C. § 1291, we dismiss the appeal and grant counsel's motion to withdraw.

## I

Jeffcoat was convicted in 2004 of possession with intent to distribute more than five grams of cocaine base and aiding and abetting. He was sentenced to sixty months' imprisonment and four years of supervised release. In September 2011, Jeffcoat's supervised release was revoked, and he was sentenced to nine months' imprisonment to be followed by fifty-one months' supervised release. On March 4, 2013, Jeffcoat's probation officer petitioned the district court for issuance of an arrest warrant, alleging that Jeffcoat had committed thirteen Grade C violations of his second term of supervised release, including several instances each of possession and use of a controlled substance, failure to report law enforcement contact, and association with convicted felons. A supplemental petition, filed March 12, 2013, alleged an additional count of possession and use of a controlled substance. A second supplemental petition, filed April 29, 2013, alleged distribution of a controlled substance (cocaine), a Grade A violation.

Jeffcoat admitted to eleven of the fifteen violations at a hearing before the district court. The government withdrew the four remaining allegations, including the Grade A violation of distribution of a controlled substance. Because Jeffcoat's underlying

conviction is for a Class B felony, 18 U.S.C. § 3583(e)(3) limits the maximum prison sentence the district court could impose upon revocation of supervised release to three years. The Sentencing Guidelines recommended range was five to eleven months' imprisonment. The probation officer's initial report recommended a twenty-four month prison sentence, noting Jeffcoat's previous disregard of court orders and the need "to impress upon the defendant the importance of following the Court's order." The probation officer continued to recommend a twenty-four month sentence after the Grade A violation was withdrawn. Jeffcoat's counsel did not object to a sentence in excess of the Guidelines range and asked the judge to impose a term of imprisonment between the top of the Guidelines range (eleven months) and the twenty-four months recommended by the probation officer. The district court revoked Jeffcoat's supervised release and sentenced him to twenty-four months' imprisonment. Jeffcoat timely appealed.

## II

After conscientiously examining a criminal case, an attorney who concludes that any appeal would be frivolous may request permission to withdraw. Anders, 386 U.S. at 744. Counsel must submit to the court and the client a brief identifying any potentially appealable issues. Id. The defendant may then file a pro se brief. Id. If, upon careful examination of the full record, the court determines that the case is "wholly frivolous," it may grant the request to withdraw and dismiss the appeal. Id.

We agree with defense counsel that Jeffcoat's admissions were made without

-3-

procedural error, and thus turn our attention to the sentence imposed by the district court. Our review of the record indicates that the sentence meets the requirements of procedural and substantive reasonableness. See United States v. Ruby, 706 F.3d 1221, 1225 (10th Cir. 2013). Because no procedural objections were made in the district court hearing, a claim of procedural error raised on appeal would have to meet the plain error standard. Id. The record indicates that Jeffcoat lacks a viable procedural argument because the district court judge complied with his obligation to consider both the relevant policy statements in the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a), see United States v. Cordova, 461 F.3d 1184, 1188 (10th Cir. 2006), and provided a detailed explanation for his decision, including reference to the sentencing goals of § 3553(a).

In order to prove substantive unreasonableness, Jeffcoat would face the difficult burden of showing that his sentence "was an abuse of discretion because it was arbitrary, capricious, whimsical, or manifestly unreasonable." United States v. Dunbar, 718 F.3d 1268, 1282 (10th Cir. 2013) (quotation omitted). Although Jeffcoat's sentence is above the Guidelines recommended range, it is within the three-year limit mandated by § 3583(e)(3). Given Jeffcoat's numerous violations and his breach of the terms of his previous supervised release, an appeal based on substantive reasonableness would be frivolous.

Jeffcoat did not respond to the Anders brief, but he does argue for reversal in a

previously submitted document styled as a pro se opening brief. Jeffcoat claims that an "upward departure" from the Guidelines was unreasonable because his violations constituted what he labels Grade C "technical violations," rather than new criminal conduct. However, the relevant Guidelines recommendation, found in Chapter 7, is merely a non-binding policy statement. See, e.g., United States v. Redcap, 505 F.3d 1321, 1322 n.1 (10th Cir. 2007) (a sentence imposed for violation of supervised release that is "in excess of the Chapter 7 range is not a 'departure' from a binding guideline" (quotation omitted)); Cordova, 461 U.S. at 1188 ("[I]t is now axiomatic that a sentence in excess of that recommended by the Chapter 7 policy statements will be upheld if it can be determined from the record to have been reasoned and reasonable." (quotation omitted)). Jeffcoat provides no support for the claim that a court cannot impose a sentence above the Guidelines recommendation upon revocation of supervised release for Grade C violations. We also note that Jeffcoat's attorney did not object to an above-Guidelines sentence, merely requesting that the court impose a sentence between the top of the Guidelines range and twenty-four months.

According to the Anders brief, Jeffcoat has also expressed an objection to the term of supervision the district court imposed after it revoked his first supervised release, claiming that a second term of supervision cannot exceeded the original term. But the only relevant limitation on terms of supervised release is found in § 3583(b), which provides that terms of release based on an underlying Class B felony cannot exceed five

years.  Moreover, Jeffcoat cannot challenge the imposition of his second term of supervised release in this proceeding.  Cf. Cordova, 461 F.3d at 1186 n.2 (holding that original imposition of supervised release cannot be attacked in appeal of revocation of supervised release).

## III

For the foregoing reasons, we conclude that there are no nonfrivolous grounds for appeal.  We therefore **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.

Entered for the Court

Carlos F. Lucero
Circuit Judge