NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16a0640n.06

No. 16-1235

FILED
Dec 01, 2016
DEBORAH S. HUNT, Clerk

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

UNITED STATES OF AMERICA,     )
           )
   Plaintiff-Appellee,      )
           )
v.              )   ON APPEAL FROM THE UNITED
           )   STATES DISTRICT COURT FOR THE
MANOLO GARZA,      )   EASTERN DISTRICT OF MICHIGAN
           )
   Defendant-Appellant.   )
           )
           )

BEFORE:    DAUGHTREY, ROGERS, COOK, Circuit Judges.

MARTHA CRAIG DAUGHTREY, Circuit Judge. Defendant Manolo Garza appeals the 60-month prison sentence he received for violating the conditions of supervised release. Specifically, he challenges both the procedural and substantive reasonableness of that sentence, which the district court ordered to be served consecutively with his sentence for the crime that served as the basis for the supervised-release revocation. We find no merit to Garza's arguments and affirm the judgment of the district court.

**FACTUAL AND PROCEDURAL BACKGROUND**

After pleading guilty to charges of conspiracy to possess with intent to distribute and conspiracy to distribute cocaine and marijuana, Garza was sentenced in May 2003 to 84 months in prison, a penalty that reflected a substantial downward departure from the applicable Guidelines sentencing range. Upon release from incarceration, Garza began a five-year period of supervised release on June 24, 2009. Garza later was charged with conspiring with 15 other

individuals from 2012 until May 2014 to possess with intent to distribute and to distribute 520 kilograms of cocaine and 260 kilograms of heroin. Garza pleaded guilty to those charges, as well as to a charge of conspiring to use a communication facility to commit a drug-trafficking offense. Although Garza was subject to a Guidelines sentencing range of 360 months to life, the district court sentenced him in June 2015 to 180 months in prison, in consideration of his substantial assistance in the prosecution of his co-conspirators.

Because one condition of Garza's supervised release after his 2003 conviction was that he "not commit another federal, state or local crime," the government filed a petition to revoke that release in light of the subsequent conviction. At the ensuing hearing in the original district court on the petition to revoke supervised release, Garza admitted that he had violated the conditions of that release and accepted full responsibility for his actions. The district judge acknowledged that acceptance of responsibility and made note of the fact that Garza had offered substantial assistance to the government in prosecuting other members of the conspiracy that resulted in his initial conviction. Even though defense counsel also highlighted the support Garza had received from his family and Garza's efforts "to get his electrical contractor's certificate" while incarcerated, the judge emphasized that the defendant twice had received substantial reductions in his sentences upon earlier convictions but, nevertheless, had failed to reform his ways. Instead, he noted, Garza chose to engage in yet another drug-trafficking conspiracy that resulted in the distribution of significant quantities of both cocaine and heroin. Thus, although the sentencing guidelines called for a prison term between 27 and 33 months upon revocation of the supervised release, *see* USSG § 7B1.4(a), the district court sentenced Garza to the statutory maximum period of incarceration of 60 months in order to provide sufficient deterrence to Garza and to society in general and to "protect the public from further

crimes of the defendant." The district court further ordered that the 60-month sentence be "consecutive to the undischarged term of imprisonment imposed in the other case," *i.e.*, Garza's subsequent conviction. From that judgment, Garza now appeals.

## DISCUSSION

We review sentences imposed upon revocation of supervised release for reasonableness under a deferential abuse-of-discretion standard. *United States v. Melton*, 782 F.3d 306, 312 (6th Cir. 2015). Reasonableness review of a sentence "has both a procedural and a substantive component." *United States v. Erpenbeck*, 532 F.3d 423, 430 (6th Cir. 2008) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall*, 552 U.S. at 51.

Appellate review of the substantive reasonableness of a sentence "will, of course, take into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Id.* "A sentence is substantively unreasonable if the sentencing court arbitrarily selected the sentence, based the sentence on impermissible factors, failed to consider pertinent [18 U.S.C.] § 3553(a) factors, or gave an unreasonable amount of weight to any pertinent factor." *United States v. Cunningham*, 669 F.3d 723, 733 (6th Cir. 2012) (citation omitted). Although we "may apply a rebuttable presumption of reasonableness to sentences within the Guidelines," *United States v. Pearce*, 531 F.3d 374, 384 (6th Cir. 2008) (citing *Gall*, 552 U.S. at 51), the fact that a sentence imposed by a district court is outside the Guidelines

range does not mean that we may apply a presumption that the sentence is unreasonable. *Gall*, 552 U.S. at 51.

Garza insists in this appeal, however, that his 60-month sentence is both procedurally and substantively unreasonable. His procedural challenge is two-fold. First, he argues that the district court failed to comply with the mandate of Rule 32(h) of the Federal Rules of Criminal Procedure that the court give him advance notice of its intention to depart upward from the relevant Guidelines range. Second, Garza contends that the district court committed procedural error in failing to articulate on the record its reasons for ordering consecutive sentencing.

## Necessity of Rule 32(h) Notice

Garza failed to object in the district court to the lack of Rule 32(h) notice; consequently, our review of this issue is for plain error only. *See United States v. Bostic*, 371 F.3d 865, 872-73 (6th Cir. 2004). Under that plain-error standard, we will reverse a district court decision only upon finding that (1) the district court erred, (2) the error was plain, (3) the error affected substantial rights of the defendant, and (4) the error "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." *United States v. Olano*, 507 U.S. 725, 732 (1993) (citations omitted).

Although Rule 32(h) does mandate that notice of an intent to depart from the Guidelines generally be given prior to sentencing hearings, it is not Rule 32, but Rule 32.1 of the Federal Rules of Criminal Procedure that governs the revocation or modification of supervised release. And nowhere in the provisions of Rule 32.1 is there a notice requirement similar to that found in Rule 32(h). Garza nevertheless argues that the provisions of both rules should govern the district court's actions in revocation situations—that "Rule 32.1 specifically guides the District Court and the parties as to how the supervised release violation hearing is conducted, and Rule 32(h)

guides the District Court in what it must do before deciding to depart from the Guidelines range . . . ."

Although the decision unpublished and thus non-precedential, we have set out the analytical shortcomings of Garza's position in a prior opinion. In *United States v. Smith*, we explained:

> [The defendant's] argument that "nothing in Rule 32(h) creates a specific exemption for revocation proceedings" further misses the mark. Textually, there is nothing in Rule 32 that would extend the rule beyond the scope of its title, "Sentencing and Judgment." Moreover, during sentencing, the district court is not always required to provide advance notice; it is only when the court does so "on a ground not identified for departure either in the presentence report or in a party's prehearing submission." There is no presentence report and often no prehearing submission for violations of supervised release. Not only would [the defendant] have this court apply Rule 32(h) beyond its plain meaning, but he would have the court rewrite the rule in order for it to sensibly apply to supervised release hearings.

639 F. App'x 348, 353 (6th Cir. 2016) (citations omitted); s*ee also United States v. Baker*, 521 F. App'x 371, 374 (6th Cir. 2013) ("[T]he notice requirement associated with a departure under Fed. R. Crim. P. 32(h) does not apply to a probationary setting such as a revocation of supervised release"); *United States v. Dawe*, 362 F. App'x 436, 438 (6th Cir. 2010) (courts considering this issue "universally have held, under varying rationales, that Rule 32(h)'s notice requirement does not extend to" sentences imposed after revocation of supervised release).

In the absence of contrary circuit precedent in a published decision of this court, the district court's reliance upon the holdings in *Smith*, *Baker*, and *Dawe* to conclude that Rule 32(h)'s notice requirement does not apply in the revocation setting cannot be considered plain error. There is, therefore, no merit to Garza's first challenge to the procedural reasonableness of his sentence.

**Explanation for Order of Consecutive Sentencing**

The defendant next insists that his sentence is procedurally unreasonable because the district court failed to provide an adequate explanation for its decision to have the 60-month sentence for violation of the terms of supervised release run consecutively to an undischarged term of imprisonment imposed in a prior criminal proceeding. Again, Garza failed to object to the order of consecutive sentencing in the district court, thus limiting our review to a search for plain error. *See Bostic*, 371 F.3d at 872-73.

The policy statement contained in USSG § 7B1.3(f) provides that "[a]ny term of imprisonment imposed upon the revocation of . . . supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving . . . ." However, that "policy statement is not binding on the district court, and construing it to be mandatory would be reversible error." *United States v. Johnson*, 640 F.3d 195, 208 (6th Cir. 2011) (citation omitted). In fact, 18 U.S.C. § 3584(a) provides, in relevant part, that "if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run *concurrently or consecutively* . . . ." (Emphasis added.)

"The court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in section 3553(a)." 18 U.S.C. § 3584(b). Moreover, "a district court must indicate on the record its rationale [for imposing consecutive sentences], either expressly or by reference to a discussion of relevant considerations contained elsewhere. Otherwise, meaningful appellate review becomes impossible." *United States v. Cochrane*, 702 F.3d 334, 346 (6th Cir. 2012) (citing *United States v. Inman*, 666 F.3d 1001, 1004 (6th Cir. 2012)). However, "[t]here is no requirement that the district court state a 'specific

reason' for a consecutive sentence." *Johnson*, 640 F.3d at 208-09. As long as "the court makes generally clear the rationale under which it has imposed the consecutive sentence . . . , it does not abuse its discretion." *United States v. Owens*, 159 F.3d 221, 230 (6th Cir. 1998).

Here, the district court did not state expressly that it was imposing consecutive sentences for specified reasons. Nevertheless, the court did engage in a thorough discussion of the §3553(a) factors and did explain that its evaluation of those factors supported the decision to subject Garza to the maximum allowable punishment. Specifically, the district court discussed the large quantity of drugs involved in Garza's latest drug-trafficking, the similarity of the defendant's latest offense to the crime for which he originally was placed on supervised release, the fact that Garza twice before had been granted significant downward departures in sentencing only to continue his criminal activities, the need for both individual and societal deterrence, and the need to protect the public from additional criminal activity by the defendant. The district court then noted that because Garza already had avoided 30 years of incarceration as a result of downward departures in two prior cases, the 33-month high end of the applicable Guidelines range was insufficient to punish Garza for "running a large-scale drug operation under the nose of the probation offer, and the Court, in virtual terms." Finally, the district court expressed some frustration with the fact that "[t]he Court cannot do any more than a five-year sentence" for the supervised-release violation.

The district court's discussion thus fully indicated on the record the rationale for maximizing the prison term to be imposed upon Garza. In light of that fact, the district court did not plainly err in ordering the defendant's 60-month sentence to be served consecutively with a prior, undischarged term of imprisonment. Garza's second challenge to the procedural reasonableness of his sentence also is without merit.

**Challenge to the Substantive Reasonableness of the Sentence**

In a final appellate challenge, Garza also contends that the 60-month, consecutive sentence is substantively unreasonable. In support of that argument, he states only that the district court placed too much emphasis on the need to punish him and to deter future criminal activity and not enough emphasis on the mitigating evidence offered by Garza. As discussed above, however, the district court did take note of the defendant's cooperation with authorities, his acceptance of responsibility, and his efforts in prison to obtain skills that would benefit him upon his release from incarceration. Furthermore, the district court did not abuse its discretion in emphasizing the evidence of Garza's massive drug-trafficking organization and his failure to take advantage of opportunities to turn from criminal activity. Indeed, we have held that "[i]t is reasonable . . . for the district court to have given significant weight to general deterrence and retribution . . . in light of the extent and duration of [a defendant's] drug trafficking." *United States v. Sexton*, 512 F.3d 326, 332 (6th Cir. 2008). Just because Garza believes that the district court should have balanced the § 3553(a) factors differently does not mean that the court was not justified in departing upward to the maximum penalty allowed by statute, as long as the sentence was otherwise reasonable. *See, e.g.*, *United States v. Ely*, 468 F.3d 399, 404 (6th Cir. 2006). This allegation of error also is without merit.

## CONCLUSION

For the reasons set out above, we conclude that the sentence imposed upon revocation of Garza's supervised release was both procedurally and substantively reasonable. We thus AFFIRM the judgment of the district court.