NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0418n.06

No. 21-1814

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Oct 19, 2022
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| TERRELL DWAYNE MASON, | ) | |
| Defendant-Appellant. | ) | OPINION |
| | ) | |

Before: GUY, WHITE, and LARSEN, Circuit Judges.

LARSEN, Circuit Judge. After Terrell Mason violated his supervised-release conditions for a third time, the district court determined that some additional deterrence was in order and sentenced Mason to an above-Guidelines sentence. Mason challenges the reasonableness of that sentence. We AFFIRM.

I.

Terrell Mason pleaded guilty to conspiracy to commit wire and mail fraud. The district court sentenced him to 76 months' imprisonment to be followed by 3 years of supervised release. Mason began supervised release in 2015 but violated his conditions in June 2018 by fraudulently using another person's credit card. For this, the district court sentenced Mason to "1 day, time served," plus another 3 years of supervised release. A few months into his next supervised-release term, Mason again violated various supervised-release conditions. The court revoked Mason's

supervised release and sentenced him to 10 months' imprisonment to be followed by 26 months of supervised release.

Mason began his third supervised-release term in April 2020. He quickly violated its terms too, including by filing over 40 fraudulent claims for unemployment insurance with the State of Michigan. This conduct also led to charges of aggravated identity theft, mail fraud, wire fraud, and money laundering. Mason admitted to violating his supervised-release conditions, and the district court varied upward from the Guidelines range of 6-to-12 months and imposed a sentence of 24 months' imprisonment with no further term of supervised release. The district court determined that the sentence should run consecutively to the sentence imposed for the underlying conduct. Mason appeals.

## II.

A criminal sentence must be both procedurally and substantively reasonable. *United States v. Morgan*, 687 F.3d 688, 693 (6th Cir. 2012); *see also United States v. Bolds*, 511 F.3d 568, 578 (6th Cir. 2007) (sentence on revocation of supervised release). Procedural reasonableness requires the court to "properly calculate the guidelines range, treat that range as advisory, consider the sentencing factors in 18 U.S.C. § 3553(a), refrain from considering impermissible factors, select the sentence based on facts that are not clearly erroneous, and adequately explain why it chose the sentence." *United States v. Rayyan*, 885 F.3d 436, 440 (6th Cir. 2018) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). Substantive reasonableness focuses on whether a "sentence is too long (if a defendant appeals) or too short (if the government appeals)." *Id.* at 442. "The point is not that the district court failed to consider a factor or considered an inappropriate factor; that's the job of procedural unreasonableness." *Id.* Instead, substantive unreasonableness is "a complaint that the court placed too much weight on some of the § 3553(a) factors and too little on others in

sentencing the individual." *Id.* We review claims of both procedural and substantive unreasonableness for an abuse of discretion, although we review the district court's factual findings for clear error and its legal conclusions de novo. *Id.* at 440, 442.

*Procedural Reasonableness.* Mason challenges the procedural reasonableness of his sentence in two ways. Because Mason did not object after the sentence was pronounced and the district court asked for any objections, we review for plain error only. *United States v. Bostic*, 371 F.3d 865, 872–73 (6th Cir. 2004).

First, Mason says the district court erred by not giving notice of its intent to sentence above the Guidelines pursuant to Federal Rule of Criminal Procedure 32(h). But Rule 32(h)'s notice requirement applies only to departures, not variances. *Irizarry v. United States*, 553 U.S. 708, 714 (2008). Here, the district court varied from the Guidelines based on its weighing of the § 3553(a) factors. *See United States v. Grams*, 566 F.3d 683, 686–87 (6th Cir. 2009) ("A 'variance' refers to the selection of a sentence outside the advisory Guidelines range based upon the district court's weighing of one or more of the sentencing factors of § 3553(a)."); *see also* 18 U.S.C. § 3583(e)(3). In addition, there is also caselaw suggesting that the rule doesn't apply to sentences for revocation of supervised release. *See United States v. Smith*, 639 F. App'x 348, 351–53 (6th Cir. 2016); *United States v. Baker*, 521 F. App'x 371, 374 (6th Cir. 2013); *see also United States v. Daoust*, 888 F.3d 571, 575 (1st Cir. 2018) ("Rule 32 and its various subparts (including Rule 32(h)) simply do not apply to sentences imposed for supervised release violations."). Mason's Rule 32(h) argument therefore fails.

Second, Mason says the district court procedurally erred by not providing sufficient reasons for imposing a consecutive sentence. But it did provide sufficient reasons. A district court need not "state a 'specific reason' for a consecutive sentence." *United States v. Johnson*, 640 F.3d 195,

209 (6th Cir. 2011). It's enough that the court "makes *generally clear* the rationale under which it has imposed the consecutive sentence." *Id.* (quoting *United States v. Owens*, 159 F.3d 221, 230 (6th Cir. 1998)). In *Johnson*, the district court satisfied this duty by recognizing its discretion to make the sentence run concurrently or consecutively, offering reasons to support a consecutive sentence that were "intertwined" with the reasons for the sentence's length, and indicating that "it believed a consecutive sentence to be appropriate in light of several § 3553(a) factors." *Id.* at 208. The same can be said for the court here. Given Mason's repeated violation of his supervised release conditions, the court determined that it was necessary to impose a sentence sufficient to deter him from future criminal activity. The variance and consecutive sentence were necessary "given the extraordinary recidivism that Mr. Mason ha[d] displayed over and over and over again." So Mason's argument that the court didn't support the consecutive sentence fails. Mason's sentence was procedurally reasonable.

*Substantive Reasonableness*. Mason also asserts that his sentence was substantively unreasonable because the court unreasonably concluded that Mason's failure to follow his supervised-release conditions warranted an above-Guidelines sentence and because the court placed unreasonable weight on some factors (e.g., punishment, deterrence)[1] and not enough on Mason's mitigation evidence (evidence he doesn't describe). But Mason's three sentences on this topic merely state conclusions. We treat such cursory arguments made on appeal as forfeited. *See United States v. Martinez*, 832 F. App'x 432, 435–36 (6th Cir. 2020). In any event, "[t]he district court properly considered all of the factors, balanced them, and imposed a reasonable sentence."

---

[1] Mason's brief actually says that the district court attached "*insufficient* weight" to the punishment and deterrence factors. Appellant Br. at 12 (emphasis added). Because these factors cut against Mason, not in his favor, we assume that he means that the district court attached *too much* weight to these factors.

*Rayyan*, 885 F.3d at 443. That is all we ask. Mason has not shown that his sentence was substantively unreasonable.

* * *

We AFFIRM.